· FITCH *vs.* HUMPHREY.

A mortgagee of chattels, the original mortgage having been filed in the town clerk's office, within thirty days prior to the expiration of a year from the time of filing, procured an endorsement of the words, " re-filed and renewed" with the date, to be made thereon, which was signed by the clerk ; *held*, not a sufficient statement of the " interest of the mortgagee in the property" within the statute, (*Stat. of* 1833, *p.* 403, § 3,) and that the mortgage, at the expiration of the year, became invalid as against the creditors of the mortgagor.

ERROR from the Chenango common pleas. Fitch brought trespass *de bonis*, &c. against Humphrey before a justice of the peace, and recovered $61,65. The defendant appealed to the common pleas, where the plaintiff was nonsuited on the trial. The writ of error is brought to reverse that judgment.

By the pleadings returned by the justice, it appeared that the plaintiff declared for the taking of certain cows and a heifer belonging to the plaintiff. The defendant pleaded the general issue, and gave notice of the special matter subsequently proved on the trial.

On the trial, it appeared that the property had belonged to one Harvey McLean. The plaintiff claimed title under a chattel mortgage executed by McLean to him, which was produced and proved. It was dated February 13, 1843, and purported to be given to secure the payment of a note made by McLean to the defendant for $75,93. It embraced the property for the taking of which the suit was brought, and other property, and was to be void if the note, with interest, was paid by the first day of February then next. The original mortgage was filed in the proper town clerk's office, the 14th February, 1843, an when produced, it had these words endorsed on the back : " Re-filed and renewed the 6th day of February, 1844. S. B. Atwater, town clerk." It appeared that, on the day on which this endorsement was made, the town clerk was sick, and that the endorsement, except the signature, was written by the plaintiff, and that the wife of the town clerk signed his name at her husband's request.

The taking of the property mentioned in the declaration by one Locke, a constable, by the direction of the defendant, was proved, and witnesses were examined as to its value, and the plaintiff rested.

The defendant then proved a judgment rendered by another justice and an execution in favor of the Butternuts and Oxford Turnpike Company against McLean, and that the property was levied on on the 11th March, 1844, and afterwards sold by the constable by virtue of the execution, at the instance of the defendant, who was president of, and attorney for the company. The property had been in the possession of McLean ever since the mortgage was executed, and was in his possession when seized on the execution.

The court, on the motion of the defendant's counsel, nonsuited the plaintiff on the single ground that the plaintiff had omitted to file in the town clerk's office the *statement* exhibiting his interest in the property, required by the statute to be filed within thirty days next preceding the expiration of one year from the first filing thereof, for which reason they held that the mortgage had ceased to be valid as against the creditors of the mortgagor.

The defendant excepted, and a bill of exceptions was duly signed and sealed by the judges.

*C. A. Thorp,* for plaintiff in error, insisted that the endorsement made on the mortgage, in the town clerk's office, was equivalent to a statement that the interest of the mortgagee remained the same as when the mortgage was first filed, and that it satisfied the requirements of the statute.

*R. Balcom,* for defendant in error.

*By the Court,* JEWETT, J. The single question in this case is, whether the plaintiff had renewed this mortgage, under which he claimed the property, in the manner prescribed by the statute. It is enacted, (*Stat.* 1833, *p.* 403, § 3,) that "Every mortgage filed in pursuance of this act *shall cease to be valid as against the creditors* of the person making the same,

or against subsequent purchasers or mortgagees, in good faith, after the expiration of one year from the filing thereof: unless within thirty days next preceding the expiration of the said term of one year, a true copy of such mortgage, together with a statement exhibiting the interest of the mortgagee in the property thereby claimed by him, by virtue thereof, shall be again filed in the office of the clerk or register aforesaid, of the town or city where the mortgagor shall then reside." It is insisted that the endorsement, " re-filed and renewed the 6th day of February, 1844," is a compliance with the provision of the statute requiring a true copy of such mortgage, together with a *statement* exhibiting the interest of the mortgagee in the property therein claimed by him by virtue thereof to be again filed, &c. The language of the act is so clear as not to admit of an illustration: at most it is but a filing, without any *statement* of the *interest* of the mortgagee in the property mortgaged—in short, is not a compliance with the provisions of the act.

The judgment of the common pleas must be affirmed.