### AUGUSTUS R. THERIOT v. ROBERT PRINCE.

The statement required by the Act of 1833, on renewal of a chattel mortgage, must be positive and distinct as to the interest of the mortgagee. It should give such precise information of the amount due as to enable other creditors or persons to judge how far it would be safe or prudent to give credit to the mortgageor.

The words "no interest to date," indorsed·in pencil on the copy filed as a renewal of the mortgage, are not a compliance with the act, and are objectionable as being easily obliterated.

A judgment and execution by the plaintiff, against the mortgageor, are sufficient evidence of his being a creditor, within the meaning of the act, to enable him to take advantage of the defective renewal of the mortgage.

THIS cause came before the circuit judge, on a case made on behalf of the defendant, and a motion thereon for a new trial, and the facts are stated in the opinion of the court.

*The Circuit Judge:* The plaintiff held a chattel mortgage against one Doricourt, on property which the defendant caused to be sold on an execution in his favor against Doricourt. For some of the articles thus sold and purchased by the defendant, this action of trover is brought.

The mortgage was filed, pursuant to the statute, on the 24th of March, 1842. On the 6th of March, 1843, the plaintiff caused a copy of it to be filed, with no other memorandum or statement with it than these words, written in pencil on the back of the mortgage—"No interest to date."

The statute (Laws of 1833, p. 403, § 3,) enacts that "every mortgage filed in pursuance of this act shall cease to be valid as against the creditors of the person making the same, etc., after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of the said term of one year, a true copy of such mortgage, together with

a statement exhibiting the interest of the mortgagee in the property thereby claimed by him by virtue thereof, shall be again filed," etc.

The obvious object of this provision was to enable other persons or creditors to know what incumbrances there were on the debtor's property, and how far it would be safe or prudent to give him credit, and the penalty which the statute attaches to the omission to perform this duty, is very peremptory — the mortgage " shall cease to be valid."

The pencil memorandum is not such a statement as can perform this duty. Whether it means that no interest had been paid to its date, or that no interest was in arrear at the date, is uncertain; so it is uncertain whether the mortgage may not have been given for future advances, and, if so, no money having been advanced, the mortgagee had no interest (in the sense in which this word is used in the statute) in the property at the time the copy was filed.

So, too, is it objectionable that the memorandum was in pencil, because it is so easy to obliterate or alter it, and thus materially to change the condition of the parties without the hazard of detection. (*The People* v. *White*, 24 Wend. 531.)

But, aside from these considerations, and viewing the case in the most favorable light for the plaintiff; regarding the memorandum as valid, though in pencil, and that it means that no interest was in arrear at the date of the refiling, still I cannot regard it as a compliance with the statute.

The mortgage being for a round sum of $5,000, payable on demand, with interest, it is true it may be inferred from the manner in which it is refiled that that sum is then due; so, too, it may be inferred that it was only a security for future advances, rather than for a subsisting debt, or that only part of the $5,000 was the actual debt, and the difficulty growing out of this mode of renewing the mortgage is this, that it places the subsequent creditor at the mercy of the mortgagee, and instead of conveying to the creditor precise information as to the prior claim upon the property, leaves it in the power of the mortgagee to select at his pleasure the aspect in which his claim

shall be presented. This is entirely inconsistent with the object of the statute, and, if allowed, would render its provisions utterly nugatory. And I cannot help applying to this mortgage the language of the Supreme Court in *Fitch* v. *Humphrey* (1 Denio, 163) "it is but a filing without any statement of the interest of the mortgagee in the property mortgaged — in short, is not a compliance with the provisions of the act."

The mortgage therefore had lost its lien as against creditors, when the plaintiff asserted his claim to the property.

But it is objected that the defendant was not a creditor and could not, therefore, take advantage of this defect. He had a judgment and an execution, which, of themselves, are sufficient evidence that he was a creditor until the record should be impeached. The evidence to impeach it was very slight, and is more than counterbalanced by the positive testimony of Doricourt, that defendant was a creditor of his to more than $5,000.

I think, therefore, that the circuit judge ought to have nonsuited the plaintiff, and, because of his refusal to do so, there must be a new trial.