GEORGE A. DILLINGHAM, APPELLANT, *v.* CARLOS A. BOLT AND SAMUEL LADUE, RESPONDENTS.

*Chattel mortgage—Renewal—Filing—Non-residence.*

Where the mortgagor of chattels has sold his interest therein and removed from the State, so as to render it impossible for the mortgagee to comply with the statute to continue the lien by a refiling of the mortgage, &c., the mortgagee must avail himself of his rights against the property within the year, if he would protect himself against subsequent bonâ fide purchasers.

The mortgagor having removed from the State within the year, renders it impossible to refile the mortgage in the office of the clerk, &c., where the mortgagor is then residing.

PARKER, J.—This action was brought to recover possession of a canal-boat. The Defendants, in their answer, justified the taking and detention complained of, under a chattel mortgage executed by a former owner of the boat to Defendant Ladue.

The cause was referred, and the trial before the referee resulted in a judgment for the Plaintiff, which judgment was reversed by the Court, at General Term, and a new trial ordered.

The referee found, as facts, that on the 27th of July, 1855, one James Thistle, then a resident of the town of Sweden, in the county of Monroe, owned the boat in question, and, being indebted to the Defendant Ladue in the sum of $70.97, on that day executed to him the mortgage set forth in the answer, which was filed in the office of the town clerk of said town of Sweden, on the 28th of July, 1855. That in October, 1855, Parmelee, Everitt & Co., for a valuable consideration, without knowledge of the mortgage and in good faith, bought the boat of Thistle, he having continued and then being in possession thereof. That Parmelee took possession of the boat, and continued in possession until August, 1856, when the Plaintiff purchased it of him in good faith, for a valuable consideration, and without any knowledge of said mortgage; took it into possession, and continued to hold it until September 2d, 1856, when, the amount secured by the mortgage being past due and unpaid, the Defendants took the

boat from the Plaintiff by virtue of said mortgage, the Defendant Bolt acting under the direction and as the agent of the Defendant Ladue.

That on the 27th of July, 1856, a copy of the mortgage, with the following statement thereon, was filed in the office of the town clerk of the said town of Sweden, to wit: "The said mortgage, of which the within is a copy, is unpaid, and there remains due thereon the sum of somewhere about sixty dollars, as near as the same can be estimated, and the mortgagee claims an interest therein to that amount or thereabouts. That he has a good, valid, and subsisting lien on the property therein until the same is cancelled."

His conclusions of law were, that the mortgage was good in its inception; that the statement exhibiting the interest of the mortgage was sufficient in point of form; that the Plaintiff was a subsequent purchaser in good faith, and that the mortgage ceased to be valid as against him, after the expiration of one year from the original filing thereof, for the reason that the copy and statement were not again filed in the office of the clerk of the town where the mortgagor *resided at the time of such refiling*. Hence judgment was ordered for the Plaintiff.

As against Parmelee, Everitt & Co., who purchased before the expiration of the year from the first filing of the mortgage, no refiling with a statement was necessary. It was held in Meech *v.* Patchin (14 N. Y. R. 71), that the omission to refile a chattel mortgage, pursuant to the third section of the act on that subject (Laws of 1833, 402), does not render it invalid against purchasers or mortgagees intermediate the original filing and the ending of the year; and that the term " *subsequent*," in the provision in that section, that " every mortgage filed in pursuance of this act shall cease to be valid, as against the creditors of the person making the same, or against *subsequent* purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless," &c., means subsequent to the expiration of the year— that is, after the time of refiling has elapsed. Had these purchasers, therefore, who purchased before the expiration of the

year, continued to be the owners until September 2d, 1856, when Defendant Ladue took the property under his mortgage, there could be no pretence, inasmuch as they were not subsequent purchasers, that they could have held it against the mortgage, even if there had been no attempt to file the copy and statement.

The Plaintiff purchased of them after the year. Is he, within the meaning of the act, a subsequent purchaser?

The General Term held he was not, but stood in the shoes of Parmelee, taking no better right than he had; and *therefore* decided that the Defendants, under the mortgage, had the better claim, and reversed the judgment. In this view of the case, I cannot but think the General Term erred. It seems very clear to me that the Plaintiff is a subsequent purchaser, within the meaning of the act.

The statute does not expressly limit the term "purchaser" to the purchaser directly from the mortgagor, nor do I think there is any such limitation implied or intended. The object of the original filing of the mortgage is to give public notice of the lien, thereby affixing to the property mortgaged, as it were, an ear mark, indicating to all persons who would purchase it the existence of the lien; and this, not only while remaining in the hands of the mortgagor, but in whose hands soever it may be. The effect of this notice attends the property as it passes from hand to hand during the year, so that no purchaser, however remote from the mortgagor, can hold it as against the mortgage. As the filing of the mortgage is to avail the mortgagee as notice of the lien, not merely to the immediate purchaser from the mortgagor, but to all subsequent vendors, so the requirement to file it, and thus give the notice, was in order to protect purchasers, not from the imposition of the mortgagor alone, but against that of all the successive purchasers from him down to the end of the year. As the notice is for the benefit of all purchasers during the year, all are entitled to it, and all may take advantage of its omission.

The same is true of the refiling and statement required by the third section of the act. The object of that is merely to extend

and continue in operation the effect of the first filing, as to the amount remaining unpaid, for another year.

I can see no reason, therefore, why the Plaintiff, although his purchase was not directly from the mortgagor, but from his vendee, is not to be deemed a *subsequent* purchaser, within the meaning and intent of the act, as well as within its terms. If he was, then the refiling and statement required by the third section was necessary to prevent his bonâ fide purchase from overreaching the mortgage and giving him a title unencumbered by it.

It is said, however, by the Respondents' counsel, that a person cannot convey a better title than he has, and therefore the Plaintiff acquired by his purchase from Parmelee no better title than Parmelee had, which was a title subject to the lien of the mortgage.

The principle evolved by the counsel can have no application, I apprehend, to cases under the registry law. The mortgagor, Thistle, for example, subsequent to the giving of the mortgage, had no legal title to the canal-boat; and yet if he, remaining in this State, had retained it until after the expiration of the year, and then sold it to the Plaintiff, in the absence of the refiling no one would doubt that Plaintiff would have held it free from the lien of the mortgage, notwithstanding Thistle's right was subject to the mortgage.

But for the fact, then, that Thistle had left the State, and during the thirty days next preceding the close of the year did not reside in it, I should be very clearly of the opinion that the judgment of the General Term ought to be reversed. The question arises, however, whether such removal and non-residence did not render the refiling unnecessary. Although, at first view, it would seem that the requirement of the statute, making a refiling necessary within thirty days before the expiration of the year, cannot apply to cases where the mortgagee is not, during the thirty days, a resident of the State, because the refiling is specifically required to be in the office of the clerk of the town " where the mortgagor *shall then* reside," which requirement is nugatory, if the mortgagor does not then reside in the State ; still, in view of

8

the specific provision of the same section, that " every mortgage filed in pursuance of this act *shall cease to be valid*, as against subsequent purchasers in good faith, after the expiration of a year from the filing thereof, unless, within thirty days next preceding the expiration of the said term of one year, a true copy of such mortgage, together with a statement," &c., " shall be again filed in the office of the clerk of the town where the mortgagor shall then reside," we think it must be held that, when the contingency occurs which has happened in this case, the mortgagee must, as against the creditors and purchasers mentioned in the section, take advantage of his mortgage within the year, or lose the benefit of it as against them. The declaration that it shall cease to be valid unless refiled was, we think, intended to operate as well when the refiling was rendered impossible by the removal of the mortgagor, as when it was omitted for any other reason.

The refiling made in the case before us, in the town where the mortgagor had formerly resided, was of no avail, and it is unnecessary to examine the question whether the statement was such as the statute requires. It follows that the lien of the mortgage had ceased as against the Plaintiff, and the referee was right in ordering judgment in his favor. The judgment of the General Term, reversing that judgment, was therefore erroneous, and must be reversed.

All concur.

Judgment accordingly.

JOEL TIFFANY,
State Reporter.