By the Court, Talcott, J.
This is an action against the defendant, as sheriff of Allegany county, for the conversion of certain personal property, by a levy thereon and sale by virtue of an execution against one Swain. The plaintiff claimed title to a portion of the property seized, by virtue of a chattel mortgage executed to him by Swain, and duly filed in the town where Swain resided, on the 24th of April, 1869. On the first *556 day of April, 1870, the plaintiff filed a copy of the mortgage with the proper town clerk, adding the following statement: “ The above is a true copy of a chattel mortgage on file at Andover, on which the whole, or nearly the whole amount, is unpaid and due, April 1, 1870.” The original mortgage was for $585, with interest. In point of fact, the sum of $2 had been paid on the mortgage before the filing of the copy. The plaintiff proved that the debt, to secure which the mortgage was given, was a just debt, and that the mortgage was made in good faith, and without any intent to hinder, delay, or defraud creditors.
The plaintiff was nonsuited, on the sole ground that the statement which has been quoted was insufficient as a statement of the interest of the mortgagee at the time of the filing of the copy, and consequently that the chattel mortgage had lost its validity as against the execution. We think the nonsuit was erroneous. The statute requiring the re-filing of chattel mortgages in order to preserve the lien as" to creditors, requires that a copy should be filed within thirty days before the expiration of a year- from the first filing, with a statement exhibiting the interest of the mortgagee.
The object of the statute was to furnish a fair and reasonable notice to creditors and subsequent purchasers, and to prevent them from being misled, by the possession and apparently absolute ownership of the mortgagor. The statement required by the statute as exhibiting the interest of the mortgagee, has universally been understood to be a statement of the amount remaining unpaid upon the mortgage, and such was undoubtedly the intention of the legislature, in -the use of the expression. But is it essential to the preservation of the validity of the mortgage that the statement should be entirely definite and accurate, even to the smallest amount ? In the absence o'f fraud, or perhaps *557 gross negligence, we think not. Many circumstances may exist rendering it impossible for a mortgagee to state the sum remaining due with entire and perfect accuracy. In this case the $2, which the case states as the amount which had been paid on the mortgage, may have been the balance of an unsettled account, which the mortgagee had no means of stating with entire accuracy at the time when it became necessary to file the copy of his mortgage. The statement made was, we think, fairly sufficient to apprise creditors and purchasers of the actual state of facts, viz., that some small sum only, the precise amount of which was hot readily ascertainable with accuracy, had been paid on the mortgage. Ho doubt, if the mortgagee should fraudulently make a false statement by which the amount remaining unpaid should be wilfully exaggerated ; or should wilfully and with a view to hinder, embarrass or mislead creditors or purchasers, make a statement so vague and indefinite as not to answer the substantial object and purpose of the statute, the statement must be held insufficient and void. And perhaps a grossly inaccurate, or vague statement even without any fraudulent intent, where it appeared that the mortgagee had the means of making it accurate and definite, might be held not to be a compliance with the statute. But where the statement is made in good faith, with reasonable care, and is substantially correct and accurate, we think the mortgagee has complied with the spirit and intent of the statute. In Dillingham v. Bolt, (37 N. Y. 198,) the statement was that “somewhere about the sum of $60, as near as can be ascertained,” remained unpaid upon the mortgage; the sufficiency of the statement was necessarily assumed by the G-eneral Term of the Supreme Court, and appears from the opinion to have been conceded by the Court of Appeals. ■The statement in this case was quite as definite as that in Dillingham v. Bolt. It was practically and in sub *558 stance that about the sum of $585, with the interest specified in the mortgage, remained unpaid thereon.
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and M. D. Smith, Justices.]
A new trial ordered, costs to abide the event.