By the Court, Talcott, J.
The defendant is sued as a surety of one Brooks, upon two bail-bonds for the limits, given by Brooks after his arrest by the plaintiff, as sheriff of Onondaga county, on two body executions in favor of one Gfloster. Brooks, by petition to the county judge of Onondaga, applied, under the statute, to be discharged from the imprisonment. The county judge made an order for such discharge. The proceedings were carried to the Supreme Court by certiorari, where the discharge was annulled and set aside, as we infer, for the reason that the order for discharge was made at Chambers and not at any regular term of the court. After the discharge was granted, and before it was set aside, Brooks went off from the limits; and while he was so absent, and after the discharge was set aside, Gfloster sued the sheriff for the escape. On being sued, the sheriff gave notice of the action to Brooks and to this defendant, and called upon them to defend the action brought against him.- They thereupon assumed the defence, and caused an answer to be put in, in the name of the sheriff, in which, among other things, they pleaded the discharge of Brooks under the order referred *562 to, as a justification for the escape. The answer was sworn to in the usual form, by the sheriff.
Grloster recovered a judgment in his action against the sheriff, for the escape, and the sheriff now sues the defendant on the bail-bond. The defendant sets up, by way of defence, that the sheriff discharged Brooks from the limits, and permitted and authorized him to depart the limits. Both the sheriff and the under sheriff deny all actual knowledge of, or consent to, the departure of Brooks from the jail limits, at the time when he went off, and claim that they did not hear of it till the time the sheriff was sued by Grloster. The defendant does not claim that there is any evidence of the sheriff’s consent to the departure of Brooks from the limits, except the statement in the answer which was interposed under their direction, in the action brought by Grloster against the sheriff. Extracts from the complaint and answer in that case are contained in the bill of exceptions. The complaint in that case charges, in the ordinary form, that the sheriff, against the will of the creditor, illegally suffered and permitted the said Brooks to escape and go at large out of his custody.
The answer, after setting forth the proceedings before the county court touching the discharge of Brooks, says: ‘ ‘ This defendant, in obedience to the requirements of said court, and not otherwise, permitted said Brooks to go at large, as he lawfully might, and as he was by law required to do, which is the same escape,” &c.
The allegations in the answer do not necessarily furnish a contradiction to the statement of the sheriff and under sheriff on this trial. The charge in the complaint of Grloster against the sheriff, that he suffered and permitted Brooks to escape out of custody, merely means that he did not prevent him from doing so; and does not necessarily import or involve the allegation that he in fact actively consented to the escape, or had any actual knowledge of it. As to the judgment creditor, *563 the sheriff was bound to see to it that Brooks did not escape from the limits; and if he does so without a lawful discharge, the allegation that the sheriff suffered and permitted the escape is sustained simply upon the ground that he did not prevent it. The answer to the complaint in such action concedes only such a permission as the complaint imports, namely, an omission to prevent. The words are in the ordinary form used in pleading the justification of an escape, and are to be understood according to the subject matter. If the express consent of the sheriff that Brooks should go at large would have amounted to a defence against an .action on the bail-bond, then it devolved upon the defendant to establish that consent. The evidence of both the sheriff and under sheriff is.in flat contradiction of any such assumption. The sheriff testifies that he did not know Brooks, and never had any conversation with him while he was on the limits. It is not pretended there is anything to contradict this, except the language of the former answer. Upon this state of the testimony, a verdict that the sheriff actually discharged Brooks from the limits, or expressly consented that he might depart, would not have been justified by the evidence, and the court below was correct in not submitting that question to the jury.
The defendant offered to prove a declaration made by the under sheriff, to the effect that they, meaning the sheriff, had discharged Brooks from the limits. This was properly excluded by the court. As proof of the fact it was inadmissible. (Barker v. Binninger, 14 N. Y. 270.) As an impeachment of the under sheriff, who had been sworn as a witness for the plaintiff, no foundation was laid for it by asking him. The court correctly held the judgment which had been recovered against the sheriff by Grloster conclusive against the defendant, so far as any question in this case was material upon the evidence. The bail-bonds were conditioned, according to the statute, that Brooks should remain a true and *564 " faithful prisoner, and should not, at any time or in any manner, escape or go without the limits established for the jail of Onondaga county, until discharged by due course of law. Besides the general rule that where a party who is bound to indemnify the defendant in an action, and who receives notice of, and has an opportunity to defend the action, is bound by the judgment therein, the statute specially provides for this particular case, and directs that where notice is given to the bail, the judgment is conclusive upon him, as to any defence which might have been made by the sheriff in the action against him. (2 R. S. 435, § 52.) The judgment, therefore, against the sheriff, in this case, conclusively established that Brooks had departed from the limits without having been discharged by due course of law. Another section (§ 57) makes the recovery against the sheriff in such a case evidence of the damages sustained by him, in the same manner as though the judgment had been collected. Whether the judgment was conclusive against the defendant in this case, beyond these two points, was not material, as no defence was established. The foregoing are the only exceptions to which our attention has been called, and neither being tenable, the judgment is affirmed.
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and E. D. Smith, Justices.]