DE FOREST STOCKHAM, APPELLANT, v. ERIAL D. ALLARD AND ANOTHER, RESPONDENTS.

*Chattel mortgage — refiling of original instead of copy — when sufficient compliance with statute.*

Where a chattel mortgage has been duly filed in the proper clerk's office, and, within the time specified in the statute, the *original* mortgage, with an indorsement thereon exhibiting the interest claimed by the mortgagee in the property, is refiled in said office; *held*, that this is equivalent to filing "a true copy," as required by the statute, and a sufficient compliance with its requirements, to continue the validity of the mortgage as against creditors of the mortgagor, and mortgagees and purchasers in good faith.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

On the 12th of September, 1868, one Kinny was the owner of a horse, for the recovery of which this action was brought. On that day he gave a chattel mortgage on the horse, with other property, to one Ellis, which mortgage was, on the 29th of September, 1868, duly filed in the proper clerk's office. On the 4th of September, 1869, the mortgagee, Ellis, with the purpose of renewing the mortgage, indorsed upon the *original* mortgage a statement of the amount then due thereon, and the mortgage was refiled on the same day. Under this mortgage, the defendant Allard, as assignee thereof, and defendant Burton, as purchaser, justify the taking and detention of the horse from the plaintiff, who claimed the same as purchaser under a subsequent chattel mortgage given by Kinny, June 24, 1870.

*Isaac D. Garfield,* for the appellant.

*L. B. Kern,* for the respondents.

BOCKES, J. :

It is not claimed that the statements of the mortgagee, indorsed on the mortgage, exhibiting his interest in the property, were insufficient, either in form or substance, to secure a continuance of its validity after the expiration of the year, against the creditors of the mortgagee, subsequent purchasers and mortgagees in good faith ; nor that the refiling was not in due time ; but it is insisted that the refiling of the *original* with such statement indorsed, was not a compliance with the law, which required " a true copy " with such statement to be again filed.[*]

The design of this law is plain and unmistakable. It had in view the protection of creditors, mortgagees and purchasers in good faith. Its object is well stated by Judge GROVER, in *Ely* v. *Carnley.*[†] He remarks as follows : " The object of the act was to enable creditors and others to ascertain whether personal property was owned by the possessor, and the extent of his interest in it. This was deemed necessary for the protection of creditors. It is important for creditors to know the amount of liens as well as their existence. Hence the act requires the filing of the instrument or of a true copy. A compliance with the act will give the creditors full information as to the property mortgaged, the amount of the debt and condition of the mortgage, and to what extent the property can be made available for the payment of his debt. When the paper filed fails to accomplish these purposes, it falls short of the requirement of the law." Now, may it not be added, that the requirements of the law are complied with, when the paper filed does meet and answer all these purposes ? The original mortgage refiled in proper place and in due time, with a statement exhibiting the interest of the mortgagee in the property, good in form and substance, would convey all the information possible to be desired from the refiling of a copy instead. With a view to notice and information of the contents, the original is equal to a copy. If, then, the performance of an act which fully answers all the pur-

---

[*] Laws 1833, chap. 279, sec. 3, page 403 ; 2 R. S., 136, sec. 11.

[†] 19 N. Y., 496, 498.

poses of a law, shall be deemed and held to be a compliance with its requirements, the validity of the mortgage in this case was continued by its refiling in due time, with the proper statement of the interest of the mortgagee in the property. The rule above indicated, was held to be a sound one, in *Patterson* v. *Gillies;* * also in *Dillingham* v. *Bolt;* † and it is supported by reason and justice. Perhaps a peculiarity in the language of the act, should also be adverted to. It requires the paper to be *" again filed."* This seems to imply, in literal significance, a *refiling*—a *second* filing of the same paper—that is, the filing again, of the paper previously filed. It is supposed that if a copy be filed, instead of the original, in the first instance, as the law permits, then the refiling, or again filing of such copy, with the necessary statement by the mortgagee, would answer the requirement of the law.‡ If a refiling of the copy would be good, to continue the lien, there can be no reason why the refiling of the original should not secure the same result. In *Fitch* v. *Humphrey,* § the original was filed in the clerk's office, and was " again filed," as in the case at bar; but the case turned on the insufficiency of the statement of the mortgagee's interest in the property. The point here under discussion, was not raised, but if fatal to the validity of the mortgage as against creditors, mortgagees and purchasers in good faith, as is now urged, it is not a little remarkable, that it was not intimated or adverted to in that case, either by court or counsel.

On the whole, I am clearly of the opinion, that the refiling of the original mortgage was equivalent to again filing a true copy, for every possible object of the law; and that such refiling, with the necessary statement as to the mortgagee's interest in the property, in due time and in proper place, was a compliance with the requirement of the act, and continued the validity of the mortgage as against creditors of the mortgagor, and mortgagees and purchasers in good faith. The referee was therefore right in his decision, and the judgment should be affirmed, with costs.

Present—MILLER, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.

* 64 Barb., 563.       † 37 N. Y., 198.       ‡ Meech. v Patchin, 14 N. Y., 71.
§ 1 Denio, 163.