STOCKHAM, appellant, v. ALLARD.

*Chattel mortgage — refiling original mortgage.*

The holder of a chattel mortgage to secure a continuance of its validity, after the expiration of a year, refiled the original with the statement required by statute indorsed thereon. *Held*, a compliance with the requirement of the statute (Laws of 1833, chap. 239, § 3) that "a true copy" be again filed.

APPEAL from a judgment in favor of defendants entered upon the report of a referee. The action was brought in Onondaga county by De Forest Stockham against Eriel D. Allard and Jarvis Burton to recover the possession of a mare which had been taken from the possession of plaintiff by defendant Allard, and by him sold to the defendant Burton. The mare was taken and sold by Allard under a chattel mortgage executed by a former owner of such mare to one Ellis, who, for value, assigned the same to Allard. The only question arising on the trial was as to whether this mortgage was properly kept renewed as against subsequent mortgagees and purchasers. The mortgage mentioned was executed September 12, 1868, and the original mortgage was filed in the proper town clerk's office September 29, 1868. On the 4th of September, 1869, Ellis indorsed upon such original mortgage a statement of the amount due thereon, and that that sum was the amount of his interest therein, and refiled such original. The town clerk then indorsed upon the mortgage a statement that it was filed September 6, 1869. In a similar manner an indorsement and refiling was made in 1870 and 1871, at the proper time. In 1872 the mare was taken and sold as above set

forth.   Plaintiff claims that this taking and sale was unauthorized, as the statute requires the filing of "a true copy" of a chattel mortgage to effect a renewal as against subsequent creditors and purchasers, and that the filing of the original is not a compliance with the statute.

*Isaac D. Garfield*, for appellant.

*L. B. Kern*, for respondents.

BOOKES, J.   It is not claimed that the statements of the mortgagee indorsed on the mortgage, exhibiting his interest in the property, were insufficient, either in form or substance, to secure a continuance of its validity, after the expiration of the year, against the creditors of the mortgagee, subsequent purchasers and mortgagees in good faith; nor that the refiling was not in due time; but it is insisted that the refiling of the *original*, with such statement indorsed, was not a compliance with the law, which requires "a true copy" with such statement to be again filed.   Laws 1833, chap. 279, § 3; 2 R. S. 136, § 11.   The design of this law is plain and unmistakable.   It had in view the protection of creditors, mortgagees and purchasers in good faith.   Its object is well stated by Judge GROVER in *Ely* v. *Carnley*, 19 N. Y. 496, 498.   He remarks as follows: "The object of the act was to enable creditors and others to ascertain whether personal property was owned by the possessor, and the extent of his interest in it.   This was deemed necessary for the protection of creditors.   It is important to creditors to know the amount of liens as well as their existence.   Hence, the act requires the filing of the instrument or of a true copy.   A compliance with the act will give the creditor full information as to the property mortgaged, the amount of the debt or condition of the mortgage, and to what extent the property can be made available for the payment of his debt.   When the paper filed fails to accomplish these purposes, it falls short of the requirement of the statute."   Now, may it not be added, that the requirements of the law are complied with when the paper filed does meet and answer all these purposes.   The original mortgage, refiled in proper place and in due time, with a statement exhibiting the interest of the mortgagee in the property, good in form and in substance, would convey all the information possible to be desired from the

refiling of a copy instead. With a view to notice and information of the contents, the original is equal to a copy. If, then, the performance of an act which fully answers all the purposes of a law, shall be deemed and held to be a compliance with its requirements, the validity of the mortgage in this case was continued by its refiling in due time with the proper statement of the interest of the mortgagee in the property. The rule above indicated was held to be a sound one in *Patterson* v. *Gillies*, 64 Barb. 563 ; also in *Dillingham* v. *Bolt*, 37 N. Y. 198 ; and it is supported by reason and justice. Perhaps a peculiarity in the language of the act should also be adverted to. It requires the paper to be "*again filed.*" This seems to imply in literal significance, a *refiling* — a *second* filing of the same paper ; that is, the filing again of the paper previously filed. It is supposed that if a copy be filed instead of the original in the first instance, as the law permits, then the refiling, or again filing of such copy with the necessary statement by the mortgagee, would answer the requirement of the law. *Meech* v. *Patchin*, 14 N. Y. 71. If a refiling of the copy would be good to continue the lien, there can be no reason why the refiling of the original should not secure the same result. In *Fitch* v. *Humphrey*, 1 Denio, 163, the original was filed in the clerk's office, and was "again filed" as in the case at bar ; but the case turned on the insufficiency of the statement of the mortgagee's interest in the property. The point here under discussion was not raised, but if fatal to the validity of the mortgage as against creditors, mortgagees and purchasers in good faith as is now urged, it is not a little remarkable that it was not intimated or adverted to in that case, either by court or counsel.

On the whole, I am clearly of the opinion that the refiling of the original mortgage was equivalent to again filing a true copy, for every possible object of the law ; and that such refiling with the necessary statement as to the mortgagee's interest in the property, in due time and in proper place, was a compliance with the requirement of the act, and continued the validity of the mortgage as against creditors of the mortgagor, and mortgagees and purchasers in good faith. The referee was, therefore, right in his decision, and the judgment should be affirmed, with costs.

*Judgment affirmed.*