JULIA · JAQUETH, RESPONDENT, *v.* ABRAM MERRITT, APPELLANT.

*Chattel mortgage — neglect of a mortgagee to refile it — rights of a purchaser at a sale had under a mortgage subsequently given.*

April 11, 1879, the owners of certain articles of personal property executed a mortgage thereon for $700, which was duly filed on the twenty fourth of that month. April 2, 1880, another mortgage, covering a portion of the property included in the first, was given to other parties, which was on the same day filed. The $700 mortgage was not refiled, but on April 23, 1880, another mortgage to secure the same debt and covering the property described in the second mortgage, was executed; and was filed on April twenty-six. Upon a sale made in January, 1881, under the second mortgage of the property covered by it, the defendant purchased, for twenty-five dollars, a mare covered by all the mortgages. He had no knowledge of the other mortgages other than such as was to be implied from the filing of the same.

*Held,* that by his purchase he acquired not merely the rights of the second mortgagee, which, by reason of his having taken his mortgage before the expiration of the year from the filing of the prior mortgage, were subject thereto, but that the purchase having been made after the expiration of the year he acquired also all the interests in the property which the mortgagor could convey.

That he took the mare free from the lien of the first mortgage.

APPEAL from a judgment of the Oswego County Court, reversing a judgment of a justice of the peace in favor of the appellant.

*C. W. Avery,* for the appellant.

· *A. L. Johnson,* for the respondent.

SMITH, P. J.:

Action for the conversion of a mare. The plaintiff claims title by virtue of a chattel mortgage on the mare and other property, executed by William and Henry Van Auken, the owners of the mortgaged property, dated April 11, 1879, and duly filed the twenty-fourth of the same month, to secure the payment of a promissory note for $700, payable April 11, 1880. On April 2, 1880, the Van Aukens executed a chattel mortgage to George Tenney upon property including the mare in question, which mortgage was duly filed on the same day. The plaintiff did not refile her mort-

gage, but on April 23, 1880, she took another mortgage from the Van Aukens to secure the same debt for which the first mortgage was given, and covering the same property described in the mortgage to Tenney. That mortgage was duly filed April 26, 1880. Tenney, by virtue of his mortgage, took the property described in it, and on January 19, 1881, sold the mare in question at public sale to the defendant for twenty-five dollars. Augustus Avery, an agent of the plaintiff, was present at the sale, and after the mare had been struck off to the defendant, he stated to the auctioneer that he forbade the sale in the name of Mrs. Jaqueth. The defendant, at the time of the purchase, had no knowledge of the plaintiff's mortgage other than such as is to be implied from the filing of the same.

The filing of the plaintiff's first mortgage was notice of its existence to ·Tenney, who took his mortgage before the expiration of one year from the time of such filing.. That was the case, even although Tenney's mortgage was taken within thirty days next preceding the expiration of such year, and the plaintiff had not then filed the notice and statement required to preserve the validity of her mortgage after ·the expiration of the year. (Laws 1833, chap. 279, § 3, as amended by Laws 1873, chap. 501, and Laws 1879, chap. 418; Meech v. Patchin, 14 N. Y., 71.) Tenney's rights under his mortgage were, therefore, subject to the lien of the plaintiff's earlier mortgage.

The defendant, however, is in a different position. Although he bought under Tenney's mortgage, his purchase was made after the expiration of a year from the time of filing the plaintiff's first mortgage, and as he was a purchaser for a valuable consideration, without notice of the plaintiff's mortgage, the latter is of no validity as against him. By his purchase he acquired not merely the rights of Tenney, the mortgagee, but also all the interest in the property which the mortgagor could convey. If, at the time of his purchase, he had taken a fresh mortgage, or a bill of sale, from the Van Aukens, in good faith, it would have been unincumbered by the lien of the plaintiff's mortgage. These views are supported by the cases of Dillingham v. Bolt (37 N. Y., 198), and Marsden v. Cornell (62 id., 215, 219).

The respondent's counsel contends that the defendant, by his

purchase, could get no more than Tenney had to sell, and that as he bought at public sale, he is chargeable with notice that the interest purchased by him was subject to the lien of the plaintiff's mortgage. The cases cited by the counsel do not sustain his position. They are *Sheppard* v. *Earles* (13 Hun, 651); *Frost* v. *Yonker's Savings Bank* (70 N. Y., 553); *Wood* v. *Colvin* (2 Hill, 566); *Carpenter* v. *Stilwell* (11 N. Y., 61), and *Craft* v. *Merrill* (14 id., 456). If the views already expressed by us as to the title acquired by the defendant are correct, this position is unsound.

The respondent's counsel also contends that the notice given by the plaintiff's agent at the sale, before the property was delivered to the defendant, or he had executed the note which he was to give for it, deprived him of the protection of a purchaser in good faith. The difficulty with that position is, that the sale was complete and the title had passed to the defendant before the notice was given. As the price for which the mare was sold was less than fifty dollars, the sale was not within the statute of frauds. In general, at common law, a mere contract for the sale of personal property, when nothing remains to be done by the vendor, transfers the title without payment or delivery. (2 Bl. Com., 448 ; 2 Kent's Com., 492.) Not only had the title passed, but the defendant had become liable to pay the amount of his bid before the plaintiff's agent gave notice of her claim.

Upon the grounds above stated, we are of the opinion that no cause of action was made out, and that the judgment of the County Court should be reversed, and that of the justice affirmed.

HARDIN and BARKER, JJ., concurred.

So ordered.