Hesseltine v. Stockwell.

---

John E. Hesseltine *versus* Davis R. Stockwell.

The doctrine of " confusion of goods," may apply to mill logs and other lumber.

Confusion of goods has occurred when the intermixture is such that each one's property can no longer be distinguished. — Per Shepley, C. J.

When there has been a confusion of goods, the common law assigns the whole property to the innocent party, without liability to account, except in certain cases or conditions of the property.

There is no forfeiture, if the goods have been intermixed without fraud.

And, even in cases of fraudulent intermixture, there is no forfeiture, if the goods be of equal value. Each owner is entitled to his proportion of the whole.

If logs belonging to the plaintiff have been wrongfully intermixed with those belonging to another person, so as to form an aggregate lot, in which the logs of the plaintiff cannot be distinguished from the others; and if a detached parcel of such aggregate lot, have afterwards come into the hands of a third person, it cannot be laid down, *as matter of law*, that a confusion of goods has not occurred, or that the plaintiff, in order to recover in an action of trover against such third person, is bound to prove his original ownership in any of the logs constituting such detached parcel.

Trover, for a quantity of pine mill logs.

At the trial, before WELLS, J. the plaintiff introduced testimony tending to prove, that in the winter of 1844 — 5, one Leander Preble, cut on his own land about 600 M. feet of pine lumber, and also cut on the land of the plaintiff, wrongfully and wilfully, about 100 M. feet of lumber of a similar quality, all of which lumber was marked with the same mark, and indiscriminately hauled and landed on the same landing place. That in the spring of 1845, said lumber was run down the stream and came into the possession of Franklin Adams & Co., and a part of it was taken to market, and the other part remained in the stream, and was subsequently sold by them to the defendant, who in the spring of 1846, run to market all the residue of said lumber, excepting that in controversy, which consisted of about 100 M. feet, that had remained behind, and in November, 1846, was seized by the plaintiff.

Soon afterwards, the defendant took this lumber out of the plaintiff's possession, for which taking, this action is brought.

There was evidence introduced by defendant, that Preble had cut on the plaintiff's land only about 7000 feet, for which he had given his note. And there was much evidence from both parties as to the cutting.

The Court instructed the jury, that the plaintiff must prove that the logs for which he claimed damages, in this action, had been cut on his land, and had been taken by the defendant; and that the plaintiff was entitled to recover for any logs cut by said Preble on the plaintiff's land, and which were taken by the defendant, unless said Preble had paid the plaintiff therefor; and that it did not appear that any question of confusion of property arose in the action.

A verdict was returned for the defendant.

*Kent & Cutting*, for plaintiff.

*A. W. Paine*, for defendant.

The jury having found that none of the logs, *taken by defendant*, were cut on plaintiff's land, the only ground of claim to recover is, that these logs, cut by Preble on his own

land, have become forfeited to plaintiff on account of some intermixture, which, prior to the defendant's interference, had been made of the logs cut on Preble's land with logs cut by Preble on the plaintiff's land, although the defendant did not take any of these last named logs.

The verdict establishes the fact that, if any such intermixture ever existed, it had ceased to exist, before defendant seized the logs. The only ground of plaintiff's claim then, is, that by such intermixture the whole mass became plaintiff's *ipso facto.* But such a doctrine, if ever applicable to *any* property, does not apply to mill logs; the right of the parties being limited, to the right to hold so much of the mass as may be equal to his share, though he may not be liable in trespass for *seizing* the whole and holding it until a separation can be effected. *Wingate* v. *Smith,* 20 Maine, 287.

But the doctrine is denied *in toto;* the forfeiture operating or the right to seize existing, only with respect to the mass containing the common property. At most, an action of *trover* will not lie in such a case, although the plaintiff might not be liable in trespass for taking a part or the whole mass indiscriminately. For trover will not lie for goods, in a part of a mass. *Austin* v. *Craven,* 4 Taunt. 646.

And in trover it is necessary to prove *the identity* of the goods; that the property sued for is the actual property of plaintiff. 3 Stephens' N. P. 2702.

In trover, a conversion is effected by the first unlawful act committed upon the property. In case of logs, the conversion is complete the moment after the tree is felled or separated from the freehold. Then is the point of time, at which damages are to be assessed, and of course, the time at which the right of action accrues. A demand and refusal to deliver, is mere *evidence* of conversion and not a conversion itself. 5 N. H., 225; 12 *Ib.* 385.

The conversion, then, in this case, was before any intermixture, and of course the action cannot be sustained, unless defendant is proved to have received a part of the identical

logs cut on plaintiff's land, if *any. Barron* v. *Cobleigh,* 11 N. H. 561; *Cushing* v. *Longfellow,* 26 Maine, 306.

And whatever may have been the liabilities of *Preble,* yet the defendant, being *bona fide* purchaser of logs, is certainly not to be holden in damages, unless he has received or possessed himself of those belonging to the plaintiff.

It is, however, a sufficient answer to any complaint made by the plaintiff against the ruling, that it does not appear that any such question as that now discussed was raised at the trial, for the consideration of the jury, but on the contrary, that he claimed to recover " on the ground that the logs were cut on his land." All that appears in the case is, that evidence was introduced tending to prove that Preble cut some logs on plaintiff's land and some on his own of a *similar* quality. It does not however appear that, on the testimony, he claimed any right to damages for any intermixture. Such testimony would form a proper and legitimate proof of the position assumed by him, that the " logs in question were cut on plaintiff's land ;" and introduced for this purpose, it was very proper that defendant should introduce evidence, " tending to prove that no logs were so cut." *Besides,* if he claimed to recover on the ground of a confusion, he should have asked for such an instruction as would have called for a finding of the jury on that point.

*But* the mixing together of goods of a *similar quality* does not affect the title. The intermixture must be of such goods, that it is *impossible* to distinguish the one from the other. *Ryder* v. *Hathaway,* 21 Pick. 305.

Exception may be taken to the closing remark of the Judge, that " it did not appear that any question of confusion of property arose in the case."

This remark was justified by the claim made by the plaintiff, which was on the ground " that the logs were cut on his own land."

It was also authorized by the fact found by the jury, that no logs were so cut on the plaintiff's land.

It was also justified by the character of the action, *trover*

being supported only by proof of actual identity of property, and the question of confusion in such a case as this, would only arise in an action of trespass or in a question of rightful *seizure*.

At most, the remark was but an expression of opinion, and exceptions do not lie. *Phillips* v. *Kingfield*, 19 Maine, 375; *Gilbert* v. *Woodbury*, 22 *ib*. 246; *Dyer* v. *Green*, 23 *ib*. 464; *Ayer* v. *Woodman*, 24 *ib*. 201; *Lord* v. *Pierce*, 25 *ib*. 233.

Shepley, C. J. — This was an action of trover brought to recover the value of certain pine logs.

The logs appear to have composed a part of a larger lot estimated to contain more than six hundred thousand feet, which were cut and hauled by Leander Preble. The case states, that there was testimony tending to prove, that Preble cut on his own land about six hundred thousand feet of pine lumber, and also cut on the land of the plaintiff about one hundred thousand feet of pine lumber of a similar quality, all of which logs were marked with the same mark and hauled and landed on the same landing place.

With other instructions the jury were instructed, "that it did not appear, that any question of confusion of property arose in the action."

What will constitute a confusion of goods has been the subject of much discussion, and it has become a question of much interest to the owners of lands, upon which there are timber trees, as well as to those persons interested in the lumbering business, whether the doctrine can be applicable to the inter-mixture of logs.

When there has been such an intermixture of goods owned by different persons, that the property of each can no longer be distinguished, what is denominated a confusion of goods has taken place. And this may take place with respect to mill logs and other lumber. But it can do so only upon proof, that the property of each can no longer be distinguished. That the doctrine might be applicable to mill logs is admitted.

in the case of *Loomis* v. *Green,* 7 Greenl. 393.   The case of *Wingate* v. *Smith,* 20 Maine, 287, has been alluded to as exhibiting a different doctrine ; but the case does not authorize such a conclusion.   The instructions were, " that merely taking the mill logs and fraudulently mixing them with the defendant's logs would not constitute confusion of goods." These instructions were, and clearly must have been approved ; for an, additional element was required, that the mixture should have been of such a character, that the property of each could no longer be distinguished.   The opinion merely refers with approbation to the case of *Ryder* v. *Hathaway,* 21 Pick. 298, and says, " the principles there stated would authorize the instructions, which were given on that point in this case."

The common law in opposition to the civil law assigns the whole property, without liability to account for any part of it, to the innocent party, when there has been a confusion of goods, except in certain cases, or conditions of property. Chancellor Kent correctly observes, that the rule is carried no further, than necessity requires.   2 Kent's Com. 365.

There is therefore no forfeiture of the goods of one, who voluntarily and without fraud makes such an admixture.   As when, for example, he supposes all the goods to be his own, or when he does it by mistake.

And there is no forfeiture in case of a fraudulent intermixture, when the goods intermixed are of equal value.   This has not been sufficiently noticed, and yet it is a just rule, and is fully sustained by authority.   Lord Eldon, in the case of *Lupton* v. *White,* 15 Ves. 442, states the law of the old decided cases to be, " if one man mixes his corn or flour with that of another and they were of equal value, the latter must have the given quantity ;\ but if articles of a different value are mixed, producing a third value, the aggregate of the whole, and through the fault of the person mixing them, the other party cannot tell what was the original value of his property, he must have the whole."   This doctrine is stated with approbation by Kent.   2 Kent's Com. 365.   It is again stated in the case of

*Ryder* v. *Hathaway.* The opinion says, "if they were of equal value, as corn or wood of the same kind, the rule of justice would be obvious. Let each one take his own given quantity. But, if they were of unequal value, the rule would be more difficult."

In the case of *Willard* v. *Rice,* 11 Metc. 493, the question, whether palm-leaf hats, which were intermixed, were of equal value, does not appear to have been, although it would seem that it might have been, made. The case is not therefore opposed to the doctrine here stated. The doctrine *is* noticed, in the cases of *Hart* v. *Ten Eyck,* 2 Johns. Ch. 62 ; *Ringgold* v. *Ringgold,* 1 Har. & Gill. 11 ; *Brackenridge* v. *Holland,* 2 Blackf. 377.

If no logs were cut upon land owned by the plaintiff, no question could have arisen of confusion of goods. The jury were required by the instructions to find only, that none of those taken by the defendant, were cut on the plaintiff's land. They were not required to find, that no logs, composing the whole lot of six or seven hundred thousand feet, were cut on the plaintiff's land.

If Preble wrongfully cut any logs on land owned by the plaintiff, and mixed them with logs cut on his own land, so that they could not be distinguished, a question respecting confusion of goods, might properly have arisen. The admixture might have been of such a character, that the whole lot of logs, including those in the possession of the defendant, might have become the property of the plaintiff. Or it might have been of such a character, the logs being of equal value, that the plaintiff would have been entitled to recover from any one in possession of those logs or of a part of them, such proportion of them, as the logs cut upon his land bore to the whole number.

While the facts reported might not necessarily prove a confusion of goods, if part of the whole lot of logs were cut upon land owned by the plaintiff, they might have been sufficient to raise that question, and to present it for the consideration of the jury.

The instructions therefore, when considered together, require-ing the plaintiff to satisfy the jury, that some of that particular portion of the whole lot of logs, which the defendant had in his possession, were cut upon land owned by the plaintiff, and that no question of confusion of property appeared to arise, were too restrictive. They may have deprived the plaintiff of the right to recover upon proof, that some of the logs compos-ing the whole lot, had been cut upon his land and so mixed with logs cut on land owned by Preble, that they could not be distinguished.

*Exceptions sustained, verdict set aside,*
*and new trial granted.*