The object of the statute requiring mortgages of personal property to be filed is the same with that of the registry acts respecting mortgages of real estate, namely, to prevent imposition upon subsequent purchasers and mortgagees. (Gregory
v. Thomas, 20 Wend., 19.) While the chattels mortgaged remain in the hands of the mortgagor, persons dealing with him respecting them are led to believe that he is the owner, and may thus be defrauded, or at least disappointed. To remedy this inconvenience, the statute required the mortgagee, where possession was not delivered, to file the mortgage or a copy of it in the clerk's office; and declared that unless this were done the mortgage should be absolutely void as against the creditors of the mortgagor and against subsequent purchasers and mortgagees. (Laws of 1833, 402.) No provision was made for an entry in the clerk's office to show that the mortgage had been paid or otherwise canceled when that should happen; but instead of such a provision, it was enacted by the 3d section that mortgages thus filed should "cease to be valid as against the *Page 73 
creditors of the person making the same or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof," unless they should be re-filed within thirty days before the expiration of the year, with a statement showing the same to be still on foot. A person about to deal with the possessor and apparent owner of chattels, could, by resorting to the proper clerk's office, ascertain whether he had mortgaged them to another party. Should he find a mortgage on file, he could not determine without the help of the 3d section whether the lien still continued, whatever length of time had elapsed since the filing; but by means of the provision in that section, he could be certain that the mortgage had ceased to be a lien, if he found it had not been renewed within one year. If his examination was made within the year, he must proceed at his peril, or take other means to ascertain whether the mortgage remained a lien. When the plaintiffs in this case took their mortgage, the defendant's mortgage was on file, and they accordingly had the notice of it which the statute contemplated. The year from the time it was filed had not elapsed, and no default or want of diligence had, therefore, happened on the part of the defendant. The defendant's mortgage was in full vigor, and the plaintiffs' was taken subject to it. The care which the plaintiffs exercised to file their mortgage and to preserve its validity by annually re-filing a copy, was a suitable precaution against parties coming after them; but it had not, as I conceive, any effect against the defendant's prior mortgage. The priority of the respective mortgages was fixed as soon as the last one, that of the plaintiffs, had been executed. If the controversy had arisen within the year from the filing of the defendant's mortgage, there could not have been any pretence but that the defendant would have had the prior title. Their respective rights having become thus fixed, the diligence or want of diligence of either, as to preserving their liens against subsequent purchasers and mortgagees, by re-filing *Page 74 
their respective mortgages, was of no importance as against each other. This seems to me the necessary construction of the statute, as well from its language as upon its general policy. Its language is, every mortgage filed, c., shall cease to be valid, c., against subsequent purchasers or mortgagees, unless it shall within thirty days before the expiration of the year be again filed. Subsequent, I think, means after the time when it ought to be again filed to preserve its validity.
There is a dictum of Mr. Justice Cowen, opposed to this view, in the case of Gregory v. Thomas, above referred to. But it is of the most incidental character, the decision being placed entirely on another point; and it is apparent that the mind of the learned judge was not brought to bear with any distinctness upon the present question.
It follows, from what has been said, that the defendant's mortgage, being prior in time, he having suffered no laches of which the plaintiffs were entitled to take advantage, had also the superior title.
The judgment should be affirmed.
WRIGHT, J., also delivered an opinion in favor of affirmance.
MITCHELL, J., was in favor of reversing the judgment.
Judgment affirmed.