Kreuzer *vs.* Cooney.

(Decided 23rd February, 1877.)

JOSEPH KREUZER and CHRISTOPHER KREUZER *vs.* WILLIAM J. T. COONEY.

*Replevin—Vendor and vendee—Assignee of vendor—Effect, as notice of Title, of the Recording of a Bill of sale of goods whereof. the Grantor retains the possession. Confusion of goods.*

The plaintiffs brought replevin against the defendant for a certain quantity of type and other materials of a printing office, claiming under a bill of sale to them by S. of "all and singular the types, forms, cases, composing stone, tables, books, and all other the materials, utensils, machinery, and chattels personal, now in the third story of the building situate in the City of Balti-

more, at the northwest corner of Holliday street and Second street, and belonging to said S." This bill of sale was duly executed and acknowledged and recorded. The plaintiffs permitted the materials covered by the bill of sale to remain in the possession of S., and after the execution of the bill of sale, S. purchased a quantity of type and other materials similar to those above described, and mingled and used the same therewith, and afterwards for a valuable consideration sold the whole, including what he had purchased as well as what was covered by the bill of sale, to the defendant who was in possession of the same at the time of the writ of replevin. HELD:

1st. That the defendant acquired by his purchase from S. no right to or interest in the goods conveyed to the plaintiffs by the bill of sale.

2nd. That by the recording of the bill of sale, the defendant was affected with notice of the plaintiffs' title, notwithstanding the grantor remained in possession of the property conveyed.

3rd. That by having the conveyance recorded within the time prescribed by the statute, the title of the grantee, though the grantor still retained possession, was as perfect, and was protected as effectually, as if the sale had been accompanied by delivery.

4th. That the defendant having acquired nothing more than S. could lawfully sell, must stand in the place of his assignor or vendor with respect to any claim or right against the plaintiffs, and must take the property he thus bought, subject to every legal claim and right which the plaintiffs had to it while in the hands of S.

5th. That S. acquired no title to the property embraced in the bill of sale, by mingling with it property of the same kind which he afterwards purchased.

6th. That so far as the doctrine of confusion of goods had any application, it operated in favor of the plaintiffs.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered the following prayers:

1. That if the jury shall believe from the evidence that the property seized under the replevin, and specified in the schedule offered in evidence, was the same property mentioned in the bill of sale from Moses A. Stewart to Joseph Kreuzer and Christopher Kreuzer, (offered in evi-

dence in this cause,) and dated the ninth day of February, 1872, then the verdict of the jury must be for the plaintiffs.

2. That the burden of proof is upon the defendant to satisfy the jury by the evidence in the cause, that property other than that mentioned or described in the bill of sale offered and read in evidence in this cause, was taken under the writ of replevin in this cause; and if the defendant fail to do so, then the verdict of the jury must be for the plaintiffs.

3. That even if the jury shall believe from the evidence in the cause, that after the execution and recording of the bill of sale offered and read in evidence in this cause, the defendant or Moses A. Stewart and Company purchased property similar to that mentioned and described in said bill of sale, and so commingled it with the property mentioned in said bill of sale, that it could not be distinguished or separated therefrom, and that some of said property so purchased as aforesaid, was seized or taken under the writ of replevin issued in this cause, still the jury must find a verdict for the plaintiffs, [unless they find that all of said goods had been purchased for a valuable consideration by the defendant, and that he was in the possession of the same as his property at the time of the service of the writ of replevin.]

4. That if the jury believe from the evidence that at the time of the seizure of the goods mentioned in the writ of replevin, the defendant and plaintiffs were present, and one of the plaintiffs requested the witness, Valentine Cook, who was foreman of the establishment containing said goods at the execution of said bill of sale, and remained foreman thereof until the said seizure, and was thoroughly acquainted with the goods, to separate said goods mentioned in the bill of sale from others of the same kind, form, nature and appearance, which had since been intermixed by the defendant with those belonging to

the plaintiffs, and in presence of the defendant, said Cook was prevented by one Haupt, the partner of said defendant in said establishment, from doing so; and the defendant failed to separate or point out the articles so intermixed, but not mentioned in the bill of sale, then the plaintiffs were entitled to seize all the articles of the same kind, nature, form and appearance mentioned in the bill of sale, and so intermixed by the defendant; provided, the plaintiffs took no greater quantity than mentioned in the bill of sale.

And the defendant offered the following prayers:

1. If the jury believe from the evidence that the plaintiffs in this case permitted the goods and materials claimed by them under the bill of sale given in evidence, to remain in the possession and control of M. A. Stewart & Co., to be used by said Stewart & Co., in conjunction with other property and material of said Stewart & Co., in printing the paper called the "U. S. Catholic Register," and that all of said goods were sold or transferred for a valuable consideration by Stewart & Co., to the defendant, and at the time of the seizure said goods mentioned in the bill of sale were in the possession of the defendant, and were mixed or mingled with other goods belonging to him, and not mentioned therein, then as to all goods, chattels and materials so mixed or mingled, their verdict must be for the defendant; provided said goods were taken under the writ of replevin.

2. That as to all goods seized under the writ in this case, not mentioned in the bill of sale given in evidence, and all such goods, chattels and materials as were not at the time of the execution of the bill of sale, the property of M. A. Stewart, and in the premises at the northwest corner of Holliday and Second streets, their verdict must be for the defendant; provided they also find the sale to the defendant and his possession of the property as set forth in the first prayer. Before the plaintiffs can recover

in this case, they must prove affirmatively that the goods, chattels and materials taken by the sheriff in this case, are the same identical goods which were mentioned in the bill of sale given in evidence, and were at the time of the execution of said bill of sale the property of M. A. Stewart, provided they also find the sale to the defendant and his possession of the property as set forth in the first prayer.

The Court (GAREY, J.,) granted the plaintiffs' first prayer, and refused their second and fourth prayers, as also their third prayer as offered, but granted it as amended by the addition of the part in brackets. The Court granted the defendant's prayers, and gave also an instruction of its own as follows:

If the jury shall believe from the evidence that the sheriff was prevented by the act of the defendant, or of any one acting by his authority, from separating the goods mentioned in the bill of sale from the goods, (if any such there were,) which had been mixed up with them, and that by reason of such interference he was prevented from separating the said goods, and selecting and seizing such as were mentioned in said bill of sale, then it will not avail the defendant that more goods were taken than were liable to the claim of the plaintiffs in this action. Provided they were so mixed as to prevent identification by the officer.

The plaintiffs excepted. The jury rendered a verdict for the defendant, and judgment was entered accordingly. The plaintiffs appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*L. Henninghausen* and *James A. Buchanan,* for the appellants.

The Court below should have granted the plaintiffs' third prayer without amendment. The prayer as offered

was a correct statement of the law of this case; for as the defendant was the assignee of Stewart and Company, as to all the property mentioned and described in the bill of sale, which had been duly acknowledged and recorded, he could acquire no other or greater right to said property than Stewart and Company had; and if he afterwards purchased other property and so commingled it with the property mentioned in said bill of sale, that it could not be distinguished therefrom, he should bear the consequence of such acts, and not throw them upon the plaintiffs, who were innocent parties. 1 *Bouvier's Law Dic.*, 323; *Hesseltine vs. Stockwell*, 30 *Maine*, 237; *Bryant vs. Ware*, 30 *Maine*, 295; *Dunning vs. Stearns*, 9 *Barbour*, 630; *Huff vs. Earl*, 3 *Indiana*, 306; *Eldred vs. Oconto*, 33 *Wisconsin*, 133; *Schulenburg vs. Harriman*, 2 *Dill.*, 398.

The amendment made by the Court to said prayer, was calculated to, and doubtless did, mislead the jury, as under it all that the jury was required to find was the fact of a purchase of the property for a valuable consideration by the defendant, and that he was in possession of the same as his property at the time of the service of the writ of replevin.

Surely it cannot be successfully contended that the defendant, even for a valuable consideration, could purchase property covered by a bill of sale duly acknowledged and recorded, and hold the same discharged from the said bill of sale. Yet such was the law which the Court below gave the jury as applicable to the facts of this case. And not only so, but further told the jury that he could not only retain all of said property, but all other of a similar kind, which he had seen fit to so commingle therewith that it could not be distinguished therefrom. *Stearns vs. Raymond*, 26 *Wisconsin*, 74; *Brackenridge vs. Holland, et al.*, 2 *Blackford*, 377; *Huff vs. Earl*, 3 *Indiana*, 306; *Willard vs. Rice and another*, 11 *Metcalf*, 493; *Hesseltine vs. Stockwell*, 30 *Maine*, 237.

The Court below erred in refusing the plaintiffs' fourth prayer. There was evidence in the cause tending to prove the facts hypothetically stated therein, and surely it will not be contended that a party, who has so intermixed his property with that of a similar kind belonging to another person, can defeat the attempt of that person to identify his own property and then defeat his action of replevin, if other property is innocently seized and taken under the writ. 1 *Bouvier's Law Dictionary*, 323 ; *Brackenridge vs. Holland*, 2 *Blackford*, 377, 383 ; *Huff vs. Earl*, 3 *Ind.*, 306 ; *Willard vs. Rice and another*, 11 *Metcalf*, 493 ; *Hesseltine vs. Stockwell*, 30 *Maine*, 237.

The Court below erred in granting the first prayer of the defendant. The prayer was calculated to, and doubtless did, mislead the jury, because it assumes the plaintiffs had no legal right to leave the property and printing materials sold by them, to Stewart & Co., under said bill of sale, in the possession and under the control of said Stewart & Co. Whereas, as said bill of sale was duly acknowledged and recorded, the law is clear that the plaintiffs could allow Stewart & Co. to retain possession and control of the property and materials mentioned therein, until default. *Art. 24, sec. 39, of the Code.*

And said prayer is inconsistent with the first prayer of the plaintiffs, which was granted by the Court, and the law is well settled, that it is error in a Court to grant inconsistent prayers. *Evans' Practice,* 371 ; *Haney vs. Marshall*, 9 *Md.*, 194, 215 ; *Adams vs. Capron, et al.,* 21 *Md.*, 186, 205, 206 ; *B. & O. R. R. Co. vs. Blocher*, 27 *Md.*, 277, 285, 286.

As the intermingling of the property was the act of the defendant or of his assignors, if any loss or injury arises therefrom, he must bear it. 1 *Bouvier's Law Dictionary*, 323 ; *Willard vs. Rice and another*, 11 *Metcalf*, 493.

The Court erred in granting the defendant's second prayer ; it is open to all the objections heretofore urged against his first prayer.

And to the further objection, that it puts the burden of proof, as to the title to the property, upon the plaintiffs, whereas it should have been put upon the defendant, as he, by his plea, had set up title to the property in himself. *Warfield vs. Walter,* 11 *Gill & Johnson,* 80.

*James McColgan,* for the appellee.

The *onus probandi* in replevin clearly was upon the plaintiffs, and therefore the plaintiffs' second prayer was properly refused, and the defendant's second prayer granted. *Cullum vs. Bevans,* 6 *H. & J.,* 471; *Bowie's Ex'r vs. Bowie,* 1 *Md.,* 95; *Cumberland Coal & Iron Co. vs. Tilghman,* 13 *Md.,* 83; *McKinzie vs. B. & O. R. R. Co.,* 28 *Md.,* 161.

The defendant's first prayer was properly granted and the plaintiffs' third qualified. For the plaintiffs having permitted Stewart to retain the possession of the property and mix it up with other property, to which the plaintiffs had no claim, and to sell the whole to a *bona fide* purchaser for valuable consideration, have no just claim to this property as against such purchaser, whatever might be the effect as between Stewart and Kreuzer. *Hamilton, &c. vs. Rogers,* 8 *Md.* 321; *Smith vs. Sanborn,* 6 *Gray,* 134; *Hall vs. Hicks,* 21 *Md.,* 418.

The plaintiffs' fourth prayer was properly refused, there being no proof that any goods had been intermixed by the defendant with goods of the plaintiffs, and also because it was not the duty of the defendant to separate or point out articles intermixed, and that was no proof that the defendant knew or could know what articles, if any, among those purchased by him from Stewart, were included in the bill of sale.

MILLER, J., delivered the opinion of the Court.

The appellants brought replevin against the appellee for a certain quantity of type and other materials of a

printing office. The plaintiffs claimed under a bill of sale to them by one Stewart, of "all and singular the types, forms, cases, composing stone, tables, books, and all other, the materials, utensils, machinery and chattels personal, now in the third story of the building situate in the City of Baltimore, at the northwest corner of Holliday street and Second street, and belonging to said Stewart." This bill of sale was duly executed, acknowledged and recorded, as required by the Code, Art. 24, secs. 39 and 46.— It appears from the testimony in the record and the granted instructions, that the plaintiffs permitted the materials covered by this bill of sale to remain in the possession of Stewart, to be used by him in printing a certain paper, and that after the execution of the same, Stewart purchased a quantity of type and other materials, similar to those above described and mingled and used the same therewith, and afterwards sold the whole including what he had purchased as well as what was covered by the bill of sale, to the defendant for a valuable consideration, who was in possession of the same at the time the writ of replevin was served.

Before noticing the several rulings brought up for review, it is proper to ascertain the legal rights and responsibilities of the parties upon the state of facts thus presented. In the first place we think it quite clear the defendant acquired by his purchase from Stewart, no right to, or interest in, the goods conveyed to the plaintiffs by the bill of sale. By the recording of that instrument, he was affected with notice of the plaintiffs' title, notwithstanding the grantor remained in possession of the property conveyed. By having the conveyance recorded within the time prescribed by the statute, the title of the grantee, though the grantor still retains possession, is as perfect, and is protected as effectually as if the sale had been accompanied by delivery. *Clary vs. Frayer*, 8 *G. & J.*, 416. The defendant having acquired nothing more

than Stewart could lawfully sell, must stand in the place of his assignor or vendor, with respect to any claim or right against the plaintiffs, and must take the property he thus bought subject to every legal claim and right, which the plaintiffs had to it while in the hands of Stewart. These propositions are so elementary and familiar that nothing more is required than a mere statement of them. The case must, therefore, be considered as if it arose between the plaintiffs and Stewart, and so treating it, we think it plain the latter acquired no title to the property embraced in the bill of sale, by mingling with it property of the same kind which he afterwards purchased. So far as the doctrine of confusion of goods has any application here it operates in favor of the plaintiffs. The foundation of that doctrine is protection of the innocent owner. By it the loss and inconvenience is always thrown upon the party who causes the confusion. We find nothing in the case before us tending to show, that the plaintiffs actually permitted or assented to the alleged intermixture, and nothing from which a presumption of such assent could arise. They simply permitted their grantor to remain in possession and use of the property, relying, as they had a right to do, upon the recorded deed to protect their title. While so in possession Stewart held the goods as agent or bailee of the plaintiffs, and by his own act mingled them with others which he subsequently purchased. It would be very strange if by so doing he could acquire an absolute title to the goods thus left in his custody. Indeed the very reverse is what the authorities maintain. Thus if one who has charge of another's property so confounds it with his own, that it cannot be distinguished, he must bear all the inconvenience arising out of the confusion; the law regards such an act as a breach of trust, and however extenuating the circumstances, he must lose his own property if he cannot identify and separate it from the mass. 2 *Shouler's Personal Property*, 46. So it has been

held that if a mortgagor of goods who is entrusted with their possession, intermix them purposely, or through want of proper care, with his own goods, so that they cannot be distinguished, and consign them for sale to a third person who sells them, the mortgagee is entitled to recover from the consignee the value of the whole. *Willard vs. Rice,* et al., 11 *Met.,* 493. And in *Hart vs. Ten Eyck,* 2 *Johns. Ch. Rep.,* 108, it is said by Chancellor KENT, "if a party having charge of the property of others so confounds it with his own that the line of distinction cannot be traced, all the inconvenience of the confusion is thrown upon the party who produces it, and it is for him to distinguish his own property or to lose it." The case of *Dunning vs. Stearns,* 9 *Barb.,* 360, and *Brackenridge vs. Holland,* 2 *Blackf.,* 383, announce the same doctrine. Looking to the facts disclosed by this record and to the character and description of property in dispute, the present case must, in our judgment, be governed by the law as thus stated, and the jury should have been instructed accordingly. But the case of *Hamilton & Robinson vs. Rogers,* 8 *Md.,* 301, has been referred to and relied on as establishing a different rule. A brief examination however of what our predecessors there decided on this subject, will show that that case is not in conflict with the authorities we have cited. That was an action of trespass brought by a mortgagee, against a judgment creditor of the mortgagor, and the officer who levied the execution, for seizing and carrying away goods alleged to be covered by the mortgage. The mortgage, which was of goods in a store, contained a clause attempting to convey all renewals and substitutions of these goods, the object being to include not only the articles then in the store, but "whatever may be at any time therein *in the course of the mortgagor's business.*" The Court, after deciding the main question in the case, that the mortgage could not operate to convey the subsequently acquired goods, so as to give the mortgagee a

Kreuzer *vs.* Cooney. ·

right of action at law against the party seizing them,
say, if the property of the plaintiff was commingled with
that of the mortgagor, it must be taken to have been done
with the plaintiff's permission, for he allowed the goods
to remain in the possession of the mortgagor and under
his control, *with the knowledge that it was his purpose to
use them in the manufacture of other articles,* and then add :
"The officer was bound to take the property of the debtor,
and if, by the *permissive act of the mortgagee,* the property
of the latter was so intermixed with that of the mortgagor
as to prevent separation or identification, the rights of *third
parties* ought not to be affected thereby, whatever might
be the influence of such commingling as between the origi-
nal owners." It therefore clearly appears that this ruling
rests entirely upon the fact that the commingling took
place with the permission, or as the Court expresses it,
"by the permissive act" of the mortgagee, and this was
inferred from the contract between the parties contained in
the mortgage itself, and knowledge on the part of the
mortgagee that the mortgagor would use the mortgaged
goods of which he retained possession, in the manufacture
of other articles in the course of the business he was con-
ducting. Here no such assent or permission on the part
of the plaintiffs can, as we have already said, be inferred
from any thing that appears in the record, and this marks
the broad distinction between the two cases. The same
distinction also pervades the case of *Chappell vs. Cox,* 18
*Md.,* 513. There a party claiming a stock of goods in a
store by bill of sale from one partner of the firm, applied
to a Court of equity for an injunction to restrain executions
on judgments against the continuing partner, who was
permitted to continue the business and buy other goods
and bring them into the store. The executions were levied
upon the goods in the store at the time of the levy, and
the answers of the defendants averred that since the bill
of sale the continuing partner purchased additional goods

and brought them into the store, and has ever since carried on the business in his own name so that it would be impossible to distinguish the goods that were on the premises at the date of the bill of sale, from those that have since been placed there, *and that this had been done with the full knowledge and consent of the complainant.* These allegations were established by proof and it was in view of this fact that the Court said that if by the permissive act of the complainant, his property became so intermingled with that of Kramer, (the continuing partner,) as to prevent a separation or identification, and the complainant failed to point it out to the officer, the rights of the judgment creditor ought not to be affected thereby ; thus simply following and re-affirming upon a similar state of facts the decision in *Hamilton & Robinson vs. Rogers.* There is therefore nothing in either of these cases in conflict with the general rule before stated, and that rule must be applied to this case.

Having thus stated the law which must control the rights and obligations of the parties, we proceed to dispose of the several rulings excepted to, and that can now be done very briefly. One of the material errors pervading several of the granted instructions is, that they put to the jury as affecting the rights of the plaintiffs, the facts that the defendant purchased all the goods from Stewart for a valuable consideration, and was in possession of the same as his property at the time the writ of replevin was served. We have shown that by such purchase the plaintiffs' rights could in no wise be abridged or injuriously affected, and that in respect to those rights the defendant must stand in the shoes of Stewart, his vendor. There is no proof in the case, that the defendant himself made or caused the intermingling, and therefore the finding of that fact should not have been left to the jury in any of the prayers. We have also said the doctrine of confusion, that is the blending of goods of separate owners

Kreuzer *vs.* Cooney.

so that they have become undistinguishable, must in this case be applied in favor of the plaintiffs and not in favor of the defendant, as it appears to have been by the granting of his first prayer.

It follows from what has been said that the plaintiffs' third prayer (omitting the commingling by the defendant) ought to have been granted without the qualification added by the Court, and that the defendant's first prayer ought to have been rejected. We are also of opinion the plaintiffs' fourth prayer (with the like omission as to the intermixture by the defendant, and substitution of intermixture by Stewart, under whom the defendant claims,) ought to have been granted; for it cannot be successfully contended that the defendant claiming under a party who has thus intermixed his property, with that of a similar kind belonging to the plaintiffs, can defeat their attempt to identify their own property and then, by so doing, defeat their action of replevin if other property so intermixed is innocently seized and taken by the officer serving the writ. In connection with this prayer the instruction given by the Court which is even more favorable to the plaintiffs was properly granted, and the defendant's second prayer ought to have been rejected. The position taken by the plaintiffs' counsel in support of their second prayer, that the defendant having pleaded property in himself, the law imposed upon him the burden of sustaining his plea by affirmative evidence, was very properly abandoned at bar. The reverse has been the settled law of this State since the case of *Cullum vs. Bevans*, 6 *H. & J.*, 479.

> *Judgment reversed, and*
> *new trial awarded.*

(Decided 23rd February, 1877.)