(22 Misc. Rep. 108.)

WOLFF v. RAUSCH.

(Supreme Court, Appellate Term.   December 27, 1897.)

**1. Chattel Mortgages—Failure to Refile.**

Under Laws 1895, c. 354, requiring the yearly refiling of a chattel mort-- gage as against subsequent purchasers or mortgagees and others, the term "subsequent" means subsequent to the time for refiling, and not subse- quent to the original filing; and therefore one who purchases the chattels during the first year after a filing can take no advantage of a subsequent failure to refile.

**2. Assignment—Claim for Conversion.**

Under Code Civ. Proc. § 1910, permitting the assignment of any claim, or demand except such as are there specified, a claim for conversion, not being among the exceptions, may therefore be assigned.

Appeal from Seventh district court.

Action by Abraham H. Wolff against Herman Rausch.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Joseph I. Green, for appellant.

Oscar J. Hochstadter, for respondent.

DALY, P. J.   The plaintiff sues as the assignee of Julius H. Horwitz, who had a cause of action against the defendant for dam- ages for the conversion of a piano.   The piano was mortgaged to Horwitz by the owner, who afterwards, and while the mortgage was in force, transferred the piano to the defendant.   The defendant refused to deliver it on the demand of the mortgagee, and resisted this action on the ground that the mortgage had not been renewed, by the filing of a copy, within the time prescribed by the statute. The chattel mortgage was made and filed March 9, 1896, and expired for want of renewal on March 9, 1897.   The defendant purchased the mortgaged chattel on March 8, 1897, one day before the mort- gage expired.   The statute prescribes that every mortgage filed in pursuance of the act "shall cease to be valid as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless, within thirty days next preceding the expira- tion of each and every term of one year after the filing of such mort- gage a statement describing such mortgage, stating the names of the parties, the time when and the place where filed, and exhibiting the interest of the mortgagee in the property thereby claimed by him by virtue thereof, shall be again filed in the office of the clerk or register aforesaid of the town or city where the mortgagor shall then reside, if he is then a resident of the town or city where the mortgage or a copy thereof was last filed."   Laws 1895, c. 354. The contention of the defendant is that the term "subsequent pur- chasers" in the statute embraces one who purchases the mortgaged property at any time after the filing of the mortgage, and before the expiration of a year from the filing, and that as to such persons the mortgage ceases to be a valid lien after the expiration of the year, if not renewed by refiling.   A different construction has been placed

upon a like provision in the former statute, and the term "subsequent" was held to mean after the time when the mortgage is to be refiled; so that a mortgage executed and filed in November, 1846, but never refiled, was held valid as·against a mortgage executed in January, 1847, and refiled annually till 1850, the chattels in the meantime remaining in the mortgagor's possession. Meech v. Patchin, 14 N. Y. 71. The case before us is like the one cited, and the language ·of the court is applicable here. When the defendant took his bill of sale, the Horwitz mortgage was on file, and he accordingly had the notice of it which the statute contemplated. The year from the time it was filed had not elapsed, and no fault or want of diligence had, therefore, happened on the part of the mortgagee, whose mortgage was in full vigor, and the bill of sale was taken subject to it. Their respective rights had become fixed, and the want of diligence ·of the mortgagee by refiling was ·of no importance as against the ·defendant. Meech v. Patchin, 14 N. Y. 73, 74. As to one who purchases before the expiration of the year from the first filing of the mortgage, no refiling is necessary; the term "subsequent" in the provision that the mortgage shall cease to be valid as against subsequent purchasers and mortgagees in good faith means subsequent to the expiration of the year; that is, after the time for refiling has ·elapsed. Dillingham v. Bott, 37 N. Y. 198. The judgment, therefore, that the mortgage of the plaintiff's assignee had ceased to be a valid lien against the defendant, who purchased the chattel before the expiration of a year from the time of filing the mortgage, because it was not renewed by refiling, cannot be sustained. The point is taken by the appellant that the cause of action for damages for conversion is not assignable, but no authority is cited for the proposition. Code, § 1910, permits the assignment of any claim or ·demand, except such as are specified, and a claim for conversion is not among the exceptions.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.