CATLETT, Respondent, v. STOKES, Appellant.

(145 N. W. 554.)

**1. Pleadings—Complaint for Conversion by Purchaser From Mortgagor—Allegation of Demand.**

    Allegations in a complaint for conversion of mortgaged

wheat, that plaintiff, at various times between a certain date
and commencement of the action, demanded from defendant,
who was alleged to have purchased the crop from mortgagor,
all of said wheat or its value, but that defendant refused to
deliver any part of the wheat or its value to plaintiff, suf-
ficiently alleged demand.

2. **Chattel Mortgage—Conversion by Purchaser—Demand—Suffi-
ciency of Evidence.**

In an action for conversion of mortgaged wheat by a pur-
chaser from mortgagor, evidence held sufficient to show demand
by plaintiff for the wheat or its value.

3. **Witnesses—Market Value of Wheat—Daily Entry Book—Re-
freshing Recollection.**

In a suit for conversion of mortgaged wheat, where a
witness to value of the wheat testified that he was an assistant
grain buyer and weigher in an elevator, held, that he was
properly allowed to refresh his recollection as to market price
of wheat on a certain date covered by entries in a book show-
ing daily purchases, weights and market price of grain at the
elevator, which entries he testified were made daily in usual
course of business in his presence, by one now dead, and which
entries he testified he knew were correct.

4. **Evidence—Market Value—One of Two Towns.**

Where two towns were situated about 13 miles apart on
the same railroad, and the market price  of wheat at one of
the towns was shown by testimony, and it was further shown
that the price at one place was practically the same as at the
other, held, that evidence as to market price at one town on a
given date was admissible on question of its then market
value at the other town.

5. **Chattel Mortgage—Description of Note—Variance.**

Where a note was dated August 15, 1892, was due on its
face January 1, 1893, and indorsed "extended to November
1, 1893," but was described in chattel mortgage securing it
as dated "August 16, 1893," and due January 1, 1893, and
correctly described the amount, held, that the misdescription
did not render the mortgage invalid.

6. **Same—Description of Land—Growing Crops.**

A description of mortgaged wheat as "four hundred acres
of wheat growing on 11-114-51 all in my possession in the
county of Hamlin, South Dakota," held, a good description, the
figures mentioned having such a general and well-understood
meaning that no one could possibly be misled or prejudiced
thereby.

7. **Chattel Mortgage—Renewal—Bona Fide Purchaser.**

Civ. Code, Sec. 2089, requiring filing of a copy, etc., as
renewal of the mortgage, within three years from date of

filing mortgage, in order to preserve its validity as against purchasers in good faith, only applies to such purchasers who purchased after expiration of three years and where there was no renewal.

**8. Witnesses—Deposition—Impeachment—Foundation—Necessity.**

Objections to parts of a deposition of a witness, offered for purpose of impeachment, which objections were made on ground that witness' attention had not been called to such parts of the deposition, so that he might have an opportunity to explain any apparent discrepancy between his evidence and the deposition, were properly sustained.

**9. Chattel Mortgage—Confusion of Mortgaged Goods—Mortgage Embracing Mixture.**

When a mortgagor purposely or carelessly mixes the mortgaged goods with his own, and sells the whole, the mortgagee may sue to recover the whole from the purchaser, in absence of evidence to distinguish the mortgaged goods, and, in case of mortgaged grain that may be divided into aliquot shares without injury, when there is no evidence for making an aliquot division, the mortgage will cover the entire lot.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Hamlin County. Hon. Alva E. Taylor, Judge.

Action by Joseph W. Catlett against W. H. Stokes, for conversion of mortgaged wheat. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed. See also 21 S. D. 108.

*Hanten & Hanten,* and *Perrett F. Gault,* for Appellant.

There is no demand alleged or proved sufficient to support an action for conversion. A demand must be sufficiently explicit and complete to apprise the defendant of what particular property is claimed, and must be clothed in absolute, unequivocal terms. 38 Cyc. 2038; Jones Chattel Mort. (3d Ed.) sec. 491; Kewaunee County v. Decker, 30 Wis. 624; Ware v. First Cong. Society, 125 Mass. 584; Catlett v. Stokes, 21 S. D. 108.

A demand for the grain and a reasonable time to investigate is necessary to constitute conversions of mortgaged grain, even if the grain is mixed with other grain and is shipped out. First Nat. Bank v. Elevator Co., 91 N. W. 437. (N. D.); Towne v. St. Anthony, 77 N. W. 608. (N. D.); Sanford v. Elevator Co., 48 N. W. 434. (N. D.).

There is no competent evidence as to the value of the grain claimed to have been converted. The witness based his testimony entirely upon an incompetent writing. 40 Cyc. 2460; Eberson v. Continental Inv. Co., 109 S. W. 62 (Mo.); Brown v. Smith, 24 S. D. 231.

The evidence adduced as to value refers to a place distant from that of the conversion.

The measure of damages is the market value of the property at the time and place of conversion. Sutherland on Damages sec. 1109; Hamer v. Hathaway, 33 Cal. 117; Tuttle v. White, 9 N. W. 528 (Mich.); Gentry v. Kelley, 30 Pac. 186 (Kan.); Barlass v. Braasch, 42 N. W. 1028 (Neb.).

Variance between note and mortgage.

This is a variance requiring a bill in equity to reform the mortgage before it can be foreclosed or enforced. Follet v. Heath, 15 Wis. 601; McCormick v. Woulph, 11 S. D. 252, 76 N. W. 939.

Description in mortgage insufficient as to a third party. Commercial State Bank v. Elevator Co., 14 S. D. 276; 85 N. W. 219.

The lien of the mortgage had elapsed when the demand was made.

The mortgage was filed on August 1, 1893, and plaintiff made no demand upon defendant for the grain until November, 1896, more than three years after the date of filing. No renewal of the mortgage was ever filed. Sec. 2089, C. C.; Crawford v. Trigg, 15 S. W. 185 (Ark.); Cooper v. Koppes, 15 N. E. 662 (Ohio.); Day v. Munson, 14 Ohio St. 488; J. I. Case Thresh. Mach. Co. v. Campbell, 13 Pac. 324 (Or.)

*Hall, Alexander & Purdy,* for Respondent.

A good demand was plead and proved. 38 Cyc. 2031, 2032; Seymour v. Cargill Elevator Co., 71 N. W. 132.

For the purposes of refreshing recollection, a witness may use any artificial aid which, under the circumstances, is appropriate and does not seem improperly suggestive. Jones on Evidence. Sec. 81; Wigmore's Code of Ev. Sec. 444, 446; Schettler v. Jones, 20 Wis. 412; Smith v. Hawley (S. D.) 86 N. W. 652.

The uncontradicted testimony shows that the wheat market was the same at Estelline as it was at Castlewood..

The correct amount of the note is given in the mortgage, and

the correct date of maturity (except for the extension), but an error is made in the date. The endorsement of extension was no doubt made at the time of the giving of the mortgage. The testimony of Mr. Catlett fully explains these slight and unprejudicial discrepancies between the note and mortgage, that the discrepancy occurred through carelessness or clerical error. Paine v. Benton, 32 Wis., 491, 497, and cases there cited; 6 Cyc. 1017-1018; 1 Cobbey, Chattel Mortgages, Sec. 161; Schmidt v. Bender (Kan. Sup.) 18 Pac. 491; King v. Aultman, 24 Kan. 246; Adamson v. Fagan, (Minn.) 47 N. W. 56; Yant v. Harvey, 55 Iowa 421, 7 N. W. 675; First National Bank of Redfield v. Koechel, 8 S. D. 391-393; Nichols, Shepard & Co. v. Barnes, (Dak.) 14 N. W. 110; Coughran v. Sundback, 9 S. D. 483.

Defendant was not a subsequent purchaser in good faith of this wheat. Section 2089 Civil Code.

Plaintiff could demand and enforce his claim at any time within the period of the statute of limitations covering actions of this character. Lowe v. Wing (Wis.) 13 N. W. 892; Newman v. Tymeson, 12 Wis. 448; Case v. Jewett, 13 Wis. 498; Bates v. Wilbur, 10 Wis. 415; Meech v. Patchin, 14 N. Y. 71; Edson v. Newell, 14 Minn., 228; Arlington Mill & Elevator Co. v. Yates (Neb.) 77 N. W. 677; 6 Cyc. 1095-6, and in Note 49.

The description of the mortgaged property was sufficient. Advance Thresher Co. v. Schmidt, 9 S. D. 489 (70 N. W. 646); Bank v. Koechel, 8 S. D. 391, 66 N. W. 933; Nichols & Shepard Co. v. Barnes (Dak.) 14 N. W. 110; First National Bank of Parker v. Peary Elevator Co. (S. D.) 72 N. W. 402; C. C. Sec. 2452.

McCOY, J. The complaint in substance states that on the 15th day of August, 1892, one Cassidy executed and delivered to plaintiff his promissory note for $6,000, due January 1, 1893; that on the 29th day of July, 1893, to secure the payment of said note, Cassidy executed and delivered to plaintiff his chattel mortgage upon and covering 400 acres of wheat and 200 acres of oats then owned by Cassidy and then growing on section 11, township 114, range 51, in Hamlin county, and which mortgage was on the 1st day of August, 1893, filed in the office of the register of deeds in and for said county; that between the 24th day of August, 1893, and the 1st day of January, 1894, the said Cassidy, without the

knowledge or consent of plaintiff, wrongfully sold and delivered 4,000 bushels of wheat covered by said mortgage to defendant at his elevator then owned and operated by him at Castlewood, and that defendant mingled the same therein with other grain so that the same could not be identified, and thereafter defendant in the usual course of business sold and delivered said wheat to various parties in other states and converted the same to his own use to the damage of plaintiff in the sum of $946.58, the balance then remaining due and unpaid to plaintiff upon said mortgage indebtedness; that said mortgaged wheat at the time the same was so delivered to defendant was of the reasonable value of $2,000; that plaintiff, at various times between the 1st day of January, 1894, and the commencement of this action, demanded from defendant all said wheat or its value, but that defendant refused to deliver said wheat or any part of it, or the value or any part thereof to plaintiff; that said Cassidy is insolvent; that plaintiff has obtained judgment against said Cassidy for the balance due on said note, but that the same has never been paid, and there is now justly due on said note, mortgage, and judgment the said sum of $946.58. Defendant by his answer denied the execution and delivery of said note and mortgage, and denied the delivery of said mortgaged grain by Cassidy to defendant, and denied that plaintiff made demand for said wheat or the value thereof, and alleged that plaintiff and said mortgagor Cassidy entered into an agreement whereby plaintiff waived his mortgage on the wheat grown on section 11, in consideration of said mortgagor delivering to plaintiff certain oats, barley, and horses to the amount of $1,138.35. There was verdict and judgment for plaintiff, and defendant appeals.

At the commencement of the trial defendant objected to the introduction of any evidence under the complaint on the ground that no demand was alleged sufficient to support an action for conversion, which objection was overruled, and exception taken by defendant; and, at the close of all the evidence, defendant moved for a directed verdict on the ground that there was no demand proved sufficient to support an action for conversion, and which motion was also denied and an exception taken. These rulings of the court are now assigned as error.

[1, 2] We are of the opinion that the allegations of the com-

plaint and the evidence are both sufficient upon the question of demand. Plaintiff testified that he had made both written and verbal demands upon defendant for the wheat, or payment of it, covered by the mortgage, on the 12th day of November, 1896, and that defendant very decidedly refused to comply therewith. These demands were amply definite.

[3, 4] Appellant urges that there was no competent evidence as to the value of the wheat claimed to have been converted in that the evidence of value given was based upon an incompetent writing used to refresh the memory of the witness, and also that the evidence adduced as to the value referred to a place distant from that of conversion. We are of the opinion that this contention is not tenable. Witness Schnider testified that during November, 1896, he was employed at Estelline in an elevator as weigher and assistant grain buyer under one Thompson, his brother-in-law, who was principal agent of the elevator company. Witness had with him a book purporting to show the daily purchases, weights, and market prices of grains at such elevator for the month of November, 1896, and he further testified that the entries were made in the book, usually in his presence, by the brother-in-law, who is now dead; that the entries were made daily in the usual course of business; and that he knew such entries to be correct. Using this book to refresh his memory, witness testified that the market price of wheat at Estelline on November 14, 1896, was about 65 or 68 cents per bushel. The testimony further showed that Castlewood and Estelline are about 13 miles apart, on the same line of railway, and that the market price of wheat is practically the same at both stations. Jones, Ev. §§880, 881; 1 Greenleaf, Ev. §436; Wigmore, Ev. § 747, 748: 2 Elliott, Ev. §§859 to 870; Schmidt v. Scanlan, 144 N. W. 128.

[5] Appellant further contends that there was a variance between the note offered and received in evidence and the note described in the mortgage that would render such mortgage void. The note bears date August 15, 1892, due January 1, 1893, and indorsed, "Extended to November 1, 1893." In the mortgage the note is described as dated August 16, 1893, due January 1, 1893. The amount and maturity of the note are correctly described in the mortgage. It is evident that either date of the note or date of maturity, as recited in the mortgage, was the result of error. We

are of the opinion that this discrepancy in dates in no manner affected the validity of the mortgage.

[6]   The description of the wheat, as recited in the mortgage, is as follows: "Four hundred acres of wheat growing on 11,114-51 all in my possession in the county of Hamlin, South Dakota." Appellant contends that this description is so indefinite and meaningless as to amount to no description at all. We hold that this description was sufficient. The figures "11-114-51," in the connection in which they appear in this description, have such a general and well-understood meaning that no one could possibly be misled or prejudiced thereby.

[7]   It is contended by appellant that the mortgage in question having been filed on August 1, 1893, and no renewal thereof having been made under section 2089, Civ. Code, and no demand having been made by plaintiff upon defendant for said wheat until November, 1896, said mortgage became invalid, under the provisions of said section, after the expiration of three years from the said filing thereof as against the said claim of plaintiff. We are of the opinion that this contention is not well founded. Appellant became the purchaser of said wheat between the 24th day of August, 1893, and the 1st day of January, 1894. Section 2089 only applies to those who are good-faith purchasers after the expiration of the three years, when there has been no renewal. Meech v. Patchin, 14 N. Y. 71; Manning v. Monaghan, 23 N. Y. 539; Lewis v. Palmer, 28 N. Y. 271; Wolf v. Rausch, 22 Misc. Rep. 108, 48 N. Y. Supp. 716; Bank v. Sprague, 21 N. J. Eq. 530; Frank v. Playter, 73 Mo. 672; Edson v. Newell, 14 Minn. 228 (Gil. 167); Lowe v. Wing, 56 Wis. 31, 13 N. W. 892; Bank v. Bank, 46 Kan. 376, 26 Pac. 680; Mill Co. v. Yates, 57 Neb. 286, 77 N. W. 677; Jones, Chat. Mort. §§ 293-424; 6 Cyc. 95-1096.

One McGee, a witness for plaintiff, was permitted to testify, over proper objections, that in September, 1893, Cassidy, the mortgagor, who was then in possession of said grain, which was afterwards sold and delivered to defendant, employed the witness to haul said grain to the elevator of defendant, and that said mortgagor then stated to him that said grain was grown on said section 11. Appellant now urges such ruling of the court as error, on the ground that such testimony was hearsay and not binding upon appellant. Respondent contends that such testimony was

admissible as an admission against interest of a former owner while in possession. While we are of the view that it is a very close question whether or not such testimony falls within the rule permitting the giving in evidence of admissions against interest of former owners in possession (Jones, Ev. §§ 244-245; Wigmore, Ev. §§ 1461-1462), still we are, however, of the further view that under the entire evidence in the case upon the question of the identity of the mortgaged grain, the admission of this particular evidence was not prejudicial, if error, as there was much other direct evidence identifying the grain delivered to defendant as being covered by the mortgage.

[8] It is also contended by the appellant that the trial court erred in sustaining objections to certain portions of the deposition of one Mulholland, a witness for plaintiff, offered by defendant for the purpose of impeachment, to which offer respondent objected on the ground that no proper foundation had been laid, in that the attention of the witness had not been called to such portions of the deposition to the end that he might have an opportunity to explain any apparent discrepency between his evidence and the deposition. We hold that the objections were properly sustained.

Among other things the court in substance instructed the jury that when a mortgagor mixes mortgaged grain with his own without the mortgagee's consent and uses out of the bins where the intermingled wheat was stored; or sold out of the same indiscriminately, then the mortgage would attach to the entire lot, unless it is shown by the evidence that at the time of the sale of the wheat to defendant, if you find that any was sold to him, it could be ascertained the exact portions of the wheat raised on section 11, and what was raised elsewhere, then it should be divided up proportionately, and the defendant would then only be liable for such proportion of the wheat he bought as was raised on section 11. Appellant excepted to such instruction and urges the same as error as not embodying a correct statement of the law. As applied to the evidence in this case, we are of the opinion this instruction was proper.

[9] The general rule seems to be that when a mortgagor of goods mixes them purposely or carelessly with his own, and sells the whole, the mortgagee may maintain an action to recover the whole or the value thereof from the purchaser, in the absence of

evidence to distinguish the mortgaged goods from those not mortgaged; and when the mortgaged goods is grain or other like property that may be divided into aliquot shares without injury, when there is no evidence upon which to base an aliquot division, the mortgage will attach to and cover the entire lot. Adams v. Wildes, 107 Mass. 124; Willard v. Rice, 11 Metc. (Mass.) 493, 45 Am. Dec. 226; Ryder v. Hathaway, 21 Pick. (Mass.) 298; Robinson v. Holt, 39 N. H. 557, 75 Am. Dec. 233; Hesseltine v. Stockwell, 30 Me. 237, 50 Am. Dec. 627; Root v. Bonnema, 22 Wis. 539; Kreuzer v. Cooney, 45 Md. 582; Cobby on Chat. Mort. § 992; Cobby on Replevin, §405; Jones on Chat. Mort. § 481; 7 Cyc. 35.

Other assignments of error are urged, based on the omission to give instructions to the jury, but as it appears that the general charge of the court included substantially the same propositions, and for reasons already stated in relation to the demand, no prejudicial error can be predicated thereon. After careful examination of the entire record, we are of the opinion that no prejudicial error exists therein.

The judgment and order appealed from are affirmed.