## BATES *vs.* WILBUR.

APPEAL FROM CIRCUIT COURT, JEFFERSON COUNTY.

Heard November 16, 1859.]                    [Decided January 4, 1860.

### *Chattel Mortgage—Replevin—Finding.*

Where the mortgagee of chattels is in possession of the property, it is not necessary to renew his mortgage by affidavit, to enable him to maintain an action for the possession of the property.

Where a trial is had before the court, without a jury, the finding of the court must

Bates. vs. Wilbur.

be as broad as the verdict of a jury should be in the same case, or no judgment can be sustained thereon.

A finding in an action of replevin, which does not fix the damages for the detention, is fatally defective, and will not support a judgment in the cause.

A finding in an action of replevin, which does not find and determine the right of possession, will not support a judgment for the possession.

This was an action of replevin in the *detinet*; commenced by Jonathan R. Bates, against Miles Wilbur, to recover the possession of a buggy. The defendant pleaded the general issue, and gave notice, as a justification, that Wait & Baldwin had recovered a judgment before a justice of the peace, on which execution had been issued against the goods, &c., of Joseph Clifton, and delivered to the defendant, as a constable for service; and that he had seized the property in the possession of Clifton, as his property; that he had sold it, by virtue of that execution; and of another also in his hands, in favor of Pliny Potter, also issued by the same justice. The cause was tried by the court, without a jury.

The plaintiff proved that Clifton made the buggy, and before it was completed, he mortgaged it to the plaintiff, and delivered it to him; but it was left at the shop, to be finished, where it was levied upon by the defendant. He also read the mortgage on which it was delivered, and which bore date more than a year before the date of the levy. The defendant objected to the reading of this mortgage, because it had not been renewed by affidavit; nor was there any evidence that the debt mentioned in it was a true one; but it was received.

The defendant proved that a Mr. Noyes was at work for Clifton, and Clifton secured him for his work on this same buggy, with Bates' consent. The defendant also read his execution and judgment, with the levy.

Upon this evidence the court found that Clifton made the wagon or buggy, and gave the plaintiff a chattel mortgage for the same, with other property, and delivered said buggy in dispute to the plaintiff.

That defendant, as constable, took the buggy in question, on execution and attachment against Clifton, and detained the same. And the court considers that by law, a mortgagee of a chattel, having taken possession of the same, may maintain replevin in the detinet against a constable who takes the same on the debt of a mortgagor, and detains the same. And the court make an allowance of five per cent. to the plaintiff,

by way of indemnity for his expenses upon the value recovered, and find the value of the property to be one hundred and five dollars.

Upon this finding, judgment was rendered for the plaintiff, and the defendant appealed.

*J. E. Holmes*, for the appellant.

1. The respondent objected to receiving the chattel mortgage in evidence, for the reason that " it does not appear in evidence that the said mortgage has been renewed by affidavit, as required by statute." R. S., 1849, 255, §§ 5 and 7.

2. In replevin, the plaintiff is bound to show that he has a right to have delivery, or immediate possession of the property, when he issues his writ. *Sharp vs. Whittenhead*, 3d Hill, 576; *Wheeler vs. Train*, 3d Pick., 258. The question now is, did the respondent show that right. We contend he did not, on several grounds. It was necessary to show a demand in the detinet. *Ingalls vs. Buckley*, 13 Ill., 317; *Beebe vs. Bunn*, 3 Eng., 565. The property being in possession of the defendant in the execution, respondent had a right to levy upon or attach it. Whether the property was in possession of the mortgagee, or the mortgagor, who was defendant in the execution, the appellant had a right to levy upon the interest of the mortgagor, which is all that is attempted. R. S. 1849, chap 102, § 49. There was no wrongful conversion. There could be none, without demand. *Gardner vs. Campbell*, 15 John., 401; *Randall vs. Cook*, 17 Wend., 53.

3. The general exception taken to the finding and judgment of the court in this case, is equivalent to a motion for a new trial. The whole testimony is matter of record, and is before this, as it was before the court below, and under the motion for a non suit, is under review as upon a motion for a new trial.

*D. F. Weymouth*, for the respondent.

*By the Court*, Dixon, C. J. Many of the questions discussed in this case, by the appellant's attorney, were directly passed upon and settled by this court, in the case of *Cotton et al. vs. Marsh et al.*, 3 Wis., 221. The only exceptions not determined by that case, are those which go to the want of an

affidavit renewing the mortgage, before the expiration of the year, and to the form and sufficiency of the finding. The objection to the chattel mortgage being received in evidence, without such affidavit, was properly overruled. The rights of the parties must be determined by the facts, as they stood at the time the cause of action accrued. The property having been taken from the mortgagee, and his rights remaining merely in action, it was not necessary for the purpose of enabling him to maintain the suit, that such affidavit should be made. His cause of action against the defendant, if he had any, had already accrued, and was vested in him, by virtue of what had transpired whilst the mortgage was in full force. His subsequent conduct, unless it amounted to a release, was no defense.

The finding, however, is fatally defective, and the judgment cannot be supported by it. A jury having been waived, the action was tried by the court. In such a case, the finding must be as broad as the verdict would have been. Sections 26 and 27, of chapter 119, R. S. 1849, under which this action was tried, prescribed that if, upon the trial of a cause, the verdict was in favor of the plaintiff, the jury should assess the damages which he had sustained for the unjust taking or detention of the property, as well as the value of the goods and chattels specified in the declaration. In this case, no damages whatever were assessed, but an allowance of five per cent., by way of indemnity, is given. The right of possession which the action was brought to try, is not determined at all. A right of possession in the defendant might well exist, notwithstanding all the facts stated.

The judgment must be reversed, and a new trial awarded.