Northwestern National Bank vs. Ramsey.

Northwestern National Bank, Respondent, vs. Ramsey, imp., Appellant.

*May 25 — June 11, 1897.*

*Land contracts: Application of payments by assignee of vendor: Tender of conveyance: Equity: Practice.*

1. C. entered into an executory contract with L. for the purchase of certain lots. Before the entire consideration was paid he sold part of the lots to R. and gave him a contract for them, receiving part

Northwestern National Bank vs. Ramsey.

cash and part notes in payment. Each note referred to the lots as the consideration. At the same time C. orally promised R. to apply his payments on the contract with L. Before maturity of the notes C. transferred his interest in both contracts to K., who agreed to carry out C.'s promise as to the application of payments. K. afterwards transferred both the contracts and the notes to N. as collateral. Upon learning of this transfer R. refused to pay the notes unless N. would agree to comply with C.'s promise. N. promised accordingly, and part of the notes were paid, but the money was not applied as agreed. *Held,* that R., as against N., had the right to have the money already paid, as well as that remaining due, applied upon C.'s contract with L., and that N. could not recover the final balance due on the notes without tendering a conveyance of the lots.

2. In an action against R. on the notes, his answer admitting the indebtedness and offering to pay the amount due upon receiving a proper conveyance raised an equitable issue only. A special verdict was therefore advisory merely, and the court should have made the usual findings, but in their absence the verdict will be treated as a finding, and judgment ordered upon it and the undisputed evidence.

APPEAL from a judgment of the superior court of Douglas county: O. B. WYMAN, Judge. *Reversed.*

The action was brought to recover upon two several promissory notes, for $625 each, made by the defendants to one L. L. Cloyd, and indorsed by Cloyd to one J. C. Kennedy, and by Kennedy to the plaintiff. The history of the transactions out of which the controversy arose is as follows:

Cloyd bargained for four lots, in the city of Superior, with the Land & River Improvement Company. He had a written contract for the lots, and had erected a good building on two of them. There remained unpaid of the purchase price of the four lots the sum of $4,500. He sold the two unimproved lots to the defendants for the price of $4,500, the sum unpaid on his contract, and gave the defendants his contract for them. Two thousand dollars was paid down, and the balance left to deferred payments. It was agreed orally that the money to be paid by the defendants

should, as paid, be applied by Cloyd on his contract with the Land & River Improvement Company. The payments were made to become due at the same time payments became due on Cloyd's contract, and negotiable promissory notes, maturing at the same dates, of which the notes in suit are two, given collateral to the defendants' contract. Cloyd afterwards sold his interest in both contracts to Kennedy, and transferred the notes, before maturity, with the contracts, to him. Kennedy agreed to carry out Cloyd's promise to the defendants, to apply all moneys paid by them to the Land & River Improvement Company, on the contract. Kennedy afterwards borrowed money from the plaintiff, and, for security, transferred both the contracts and the promissory notes to the plaintiff. It was a controverted question in the case whether the plaintiff knew of the arrangement whereby the money was to be paid to the Land & River Improvement Company, and assented to it, at the time when it received the notes. The jury found for the plaintiff on that issue. But, when the defendants learned that the contracts and their notes had been transferred to the plaintiff, they refused to pay, unless the plaintiff agreed to comply with the promise of Cloyd in reference to the application of the money paid. The plaintiff agreed to perform Cloyd's undertaking, and to so apply such payments as should be made. Payments were made, but were not applied on the contract of the Land & River Improvement Company. The defendants refused to make further payments, hence the action. It was a principal contention at the trial whether the plaintiff agreed to make such application of moneys paid by the defendants on these notes, and that issue was found by the jury in favor of the defendants. The jury also found that the bank had no knowledge of the promise of Cloyd in reference to the application of the moneys paid by them at the time when it received the notes as such security. There remains unpaid on defendants' con-

tract with Cloyd upwards of $1,300. There remains unpaid to the Land & River Improvement Company above $3,000. They have no credit upon the contract for the money which they have already paid. They have offered to pay the balance unpaid on this contract with Cloyd, and the notes, on condition that the lots mentioned in the contract be conveyed to them. The position of the plaintiff is that it is in no way responsible for the conveyance of the lots, but is entitled to recover the amount of the notes, irrespective of such conveyance; that the oral contract with Cloyd has no relation to, or influence upon, its rights. Cloyd and Kennedy are both insolvent.

Both parties moved for judgment upon the special verdict. The defendants' motion was denied, whereupon they moved for a new trial, which was denied, and judgment was rendered for the plaintiff for the amount of the notes, from which the defendant *Ramsey* appealed.

*Victor Linley*, for the appellant.

For the respondent there was a brief by *Ross, Dwyer & Hanitch*, and oral argument by *W. D. Dwyer*.

NEWMAN, J. No doubt, the defendants, as between themselves and Cloyd, had the right to require all payments made on their notes to be applied upon the contract of the Land & River Improvement Company, in reduction of the unpaid purchase money of the lots, and, on complete payment, to require a proper conveyance. Final payment could not be enforced against them until Cloyd should have been prepared and ready to deliver a proper conveyance. Nor could the defendants require a conveyance until they had paid, or were ready to pay, the full purchase money. Kennedy, by express agreement, stood in Cloyd's place. There is no dispute that he agreed to carry out Cloyd's undertaking in regard to the application of moneys paid by the defendants on their notes. It was in dispute whether the plaintiff took the notes under

a similar agreement, or with notice of the defendants' equities, in that regard. Both land contracts were transferred to the plaintiff along with the notes. Each note contained these words and figures: "Value received, lots 1 and 2, block 217, Ninth division, West Superior." The contracts covered the same lots. If not notice itself, these facts furnish some evidence of notice. It would, at least, suggest to ordinary minds the inference that the notes were related to the payments stipulated in the contracts. At the time when the first notes became due, and before their payment, the defendants raised the question, and refused to pay unless the plaintiff should promise to apply the money paid to the payment of the purchase price of the lots, as Cloyd had promised to do. The plaintiff, with such evidence of the defendants' rights in the premises in its possession, agreed to do just what Cloyd had agreed to do, to have the money applied on the contract of the Land & River Improvement Company. It voluntarily put itself in Cloyd's place as regards the application of these moneys. This may be viewed in either of two ways,— either as a compromise, or as an admission. If the right to have the moneys so applied was really in doubt and in dispute between them, then it was a compromise. If it was not in dispute, it was clear admission of the right, and strong evidence of previous notice of it. That the plaintiff did make such promise, and obtained part of the amount of the notes on the faith of it, is established by the verdict. So, it may fairly be deemed that the defendants have the right, as against the plaintiff, to have both the money which they have paid, and which they shall pay, upon the notes, applied upon the land contract of Cloyd with the Land & River Improvement Company.

This, in effect, puts the plaintiff in the place in which Cloyd stood before his transfer to Kennedy. It has the same rights, and is subject to the same obligations. Cloyd could not have recovered this final payment of purchase

money on the defendants' contract with him, unless nor until he was prepared and offering to perform on his part by delivering a proper conveyance of the lots. The obligation of the parties to such contracts is reciprocal. The vendor cannot recover the final balance of purchase money until he has tendered or is ready to make proper conveyance. The vendee cannot require a conveyance until he has tendered and is offering to make payment of the full purchase money. If either party require it, the final payment and the delivery of the conveyance must be concurrent acts. Pomeroy, Cont. (2d ed.), § 361, and cases cited in notes.

It was not controverted on the trial that the defendants had offered to pay to the plaintiff the full amount unpaid and due upon the Cloyd contract, on condition that it would procure and deliver to them a proper conveyance of the lots, and that it had refused and disavowed all obligation to do so, or to apply the payments to that purpose. This is one of the facts which are determined in the action, although not found by the verdict; for the trial, although in form by a jury, was really by the court. The only issues in the case arose on the equitable defense. There were no legal issues to be tried. The verdict was advisory merely. There should have been the usual finding by the court. The trial court evidently treated the special verdict as its finding, and based its judgment on it. A special verdict is insufficient to support a judgment, unless it finds all the facts which are essential to a recovery in favor of the prevailing party. The same rule is applicable to findings. *Bates v. Wilbur,* 10 Wis. 415. This verdict, treated as a finding, fails to find in the plaintiff's favor this essential fact of a tender or readiness to perform on its part. On the contrary, an uncontroverted fact is established, and is to be treated as part of the finding (*Murphey v. Weil,* 89 Wis. 146), that the plaintiff has disavowed its obligation to perform. So the finding not only

fails to establish the plaintiff's right to recover, but establishes affirmatively that it has no right to recover.

*By the Court.*— The judgment of the superior court of Douglas county is reversed, and the cause is remanded with direction to render judgment for the defendants.