GERSICH, Appellant, vs. STARICH and another, Respondents.

*May 11—June 6, 1922.*

*Trial: Advisory verdict: Effect: Findings of court: Appeal.*

1. In an action by the buyer of an interest in a partnership against the seller to set aside the transfer and to recover the purchase price, where the verdict was advisory, it was the duty of the court to make findings of fact, and these findings set aside and superseded the verdict in so far as they differed from it.

2. Although the trial court may either expressly or by implication adopt an advisory verdict as its findings, in which event it constitutes the findings in the case, where the court states that its findings take the place of the advisory verdict the latter is no longer to be considered.

3. In such case the only question on appeal is whether the findings of fact of the trial court were sustained by the evidence.
4. The legislature may not take from the courts the determination of equitable issues and put such determination in the hands of a jury.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

A suit in equity to set aside a transfer of a one-half interest in the State Realty Company, a partnership, and in other property on the ground of fraud and for a recovery of the purchase price. The court took an advisory verdict. The jury found, among other things, (1) that each of the defendants represented to the plaintiff that each of the defendants derived an income of $1,000 per month from the business of the State Realty Company; (2) that such representations were not made as statements of fact; (3) that they were made for the purpose of inducing plaintiff to purchase the interest of the defendant *Burkhart* in said company; (4) that plaintiff relied upon said representations to the extent of being thereby induced to purchase the said interest of defendant *Burkhart;* (5) that said representations were false; (6) that the defendants knew them to be false; (7) that plaintiff, relying upon them, failed to exercise ordinary care; and (8) that the defendants did not conspire together to defraud the plaintiff by means of such false representations.

The trial judge made complete findings of fact, in which he found that no false representations of any kind had been made by the defendants, or by either of them, and that they had not conspired together to defraud plaintiff. He also stated in his conclusions of law that "the foregoing findings of fact are hereby substituted by the court for and instead of the advisory verdict which was rendered herein by the jury, and the judgment shall so declare." From a judgment dismissing the complaint upon the merits the plaintiff appealed.

The cause was submitted for the appellant on the brief

of *Charles Voigt* of Sheboygan, and for the respondents on
that of *Theodore Benfey* of Sheboygan and *M. C. Mead* of
Plymouth.

VINJE, C. J.   The cause was submitted on both sides
upon printed briefs.   Though the trial court made findings
of fact which he declares shall take the place of the ver-
dict, and though the appellant's attorney correctly states
that the verdict is advisory merely, yet his whole brief is
devoted to sustaining the proposition that the verdict en-
titles plaintiff to judgment.

The verdict being advisory merely, it became the duty
of the court to make findings of fact.   *Northwestern Nat.
Bank v. Ramsey,* 96 Wis. 544, 549, 71 N. W. 939.   Such
findings set aside and superseded the verdict in so far as
they differed from it.   *Harrison v. Juneau Bank,* 17 Wis.
340; *Gunn v. Madigan,* 28 Wis. 158; *Northwestern Nat.
Bank v. Ramsey,* 96 Wis. 544, 71 N. W. 939; 10 Ruling
Case Law, 533.   True, the trial court may either expressly
or by implication adopt the advisory verdict as his findings,
in which event it constitutes the findings in the case.   *North-
western Nat. Bank v. Ramsey,* 96 Wis. 544, 71 N. W. 939.
But where, as here, the court expressly states that his find-
ings take the place of the advisory verdict, the latter drops
out of the case and is no longer to be considered.   The case
must be treated as though no advisory verdict was taken,
and be disposed of upon the findings of fact made by the
court.   If such findings are sustained by the evidence and
in turn sustain the judgment, that ends our judicial inquiry.

It has been held that it is beyond the power of the legis-
lature to take from courts the determination of equitable
issues and put such determination in the hands of a jury.
*Callanan v. Judd,* 23 Wis. 343.

The only question, therefore, on this appeal is whether
or not the findings of fact of the trial court are sustained
by the evidence.   While, as stated, this has not been argued

by appellant nor does his brief contain specific assignments of error, as required by Supreme Court Rule 10, still we have examined the evidence with the result that we find therein a sufficient basis for the court's findings, and the judgment must therefore be affirmed.

*By the Court.*—Judgment affirmed.