MUCKLER, Respondent, v. SMITH, Superintendent of Banks, et al, Appellants.

(212 N. W. 491.)

(File No. 6348.   Opinion filed March 7, 1927.)

1. **Mandamus—Jury—Since Court Must Pass on Facts in Mandamus, Submission of Issues to Jury Is Not Available as Error, upon Appeal (Const. Art. 5, § 14).**

   Under Const. art. 5, § 14, providing that the duty "to issue writs of * * * mandamus, * * * with authority to hear and determine same," is conferred upon the court, it is court's duty to pass on facts, and hence submission of issues to jury is not available as error on appeal.

2. **Mandamus—Submission of Fact Questions to Jury in Mandamus Being Discretionary, Verdict Is Advisory Only, and Hence Facts on Appeal Must Ultimately Be Determined by Findings of Court (Rev. Code 1919, § 3011; Const. Art. 5, § 14).**

   Since, under Rev. Code 1919, § 3011, and Const. art. 5, § 14, submitting fact questions arising on application for mandamus to jury is discretionary, verdict on such submission is advisory only, and hence facts on appeal must ultimately be determined by findings of court.

3. **Appeal and Error—Matters with Reference to Jury's Verdict, Which Is Advisory Only, Will Not Be Reviewed on Appeal.**

   Matters with reference to verdict of jury, where such verdict is advisory only, will not be reviewed on appeal.

4. **Mandamus—Provisions of Statute Relating to New Trial and Appeal in Civil Actions Are Applicable to Mandamus Proceeding (Rev. Code 1919, §§ 2091, 2092, 2994, 2995).**

   Although mandamus is a special proceeding, under Rev. Code 1919, § 2092, as distinguished from an action, as defined in section 2091, provisions of sections 2994, 2995, relating to new trial and appeal in civil actions, are applicable thereto.

5. **Mandamus—Decision in Mandamus as Regards Time to Move for New Trial Is Given by Filing Findings of Fact and Conclusions of Law (Rev. Code 1919, §§ 2525, 2526).**

   Since trial in mandamus is to the court, decision as regards time to move for new trial is given by filing findings of fact and conclusions of law, under Rev. Code 1919, §§ 2525, 2526.

6. **New Trial—Where Trial Is to Court, Notice of Intention to Move for New Trial Should Be Given and Motion for New Trial Made After Court's Decision (Rev. Code 1919, §§ 2554, 2557).**

   Under Rev. Code 1919, §§ 2554, 2557, where trial is to the court, notice of intention to move for new trial should be given and motion for new trial made after decision of court.

7. **Mandamus—Notice of Intention Served and Motion for New Trial, Made Before Court's Decision in Mandamus Proceeding, Were Premature and Appeal Was from Judgment Only (Rev. Code 1919, §§ 2525, 2526, 2554, 2557, 2994, 2995).**

Where notice of intention was served and motion for new trial made after advisory verdicts of jury were received, but before decision of court in madamus proceeding, such notice of intention and motion for new trial were premature and of no force or effect, and appeal was from judgment only, in view of Rev. Code 1919, §§ 2091, 2092, 2525, 2526, 2554, 2557, 2994, 2995.

8. **Appeal and Error—Where Appeal Is from Judgment Only, Sufficiency of Evidence to Sustain Court's Findings Cannot Be Raised.**

On appeal from judgment only, regardless of form of assignments of error, sufficiency of evidence to sustain findings of court cannot be raised.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Mandamus, Key-No. 187(9), 38 C. J. Sec. 752; **(2)** Mandamus, Key-No. 187(9), 38 C. J. Sec. 677; **(3)** Appeal and error, Key-No. 847(2), 4 C. J. Sec. 2553; **(4)** Mandamus, Key-Nos. 175, 187(1), 38 C. J. Secs. 691, 737, 738; **(5)** Mandamus, Key-No. 175, 38 C. J. Sec. 691; **(6)** New trial, Key-Nos. 117(2), 138, 29 Cyc. 926, 931, 939; **(7)** Mandamus, Key-No. 175, 38 C. J. Sec. 691, New trial, 29 Cyc. 926, 931, 939; **(8)** Appeal and error, Key-No. 864, 4 C. J. Sec. 2558.

Findings of trial court as conclusive on appeal, see annotation in L. R. A. 1916B, 565; 2 R. C. L. 203; 1 R. C. L. Supp. 442; 4 R. C. L. Supp. 92; 5 R. C. L. Supp. 92; 5 R. C. L. Supp. 81; 6 R. C. L. Supp. 75.

Appeal from Circuit Court, McCook County; HON. JOHN T. MEDIN, Judge.

Petition by M. E. Muckler for writ of mandamus directing Fred R. Smith, as Superintendent of Banks in charge of the Farmers' State Bank of Unityville, and others, to certify and pay plaintiff's claim as an unsecured depositor. From a judgment for plaintiff, awarding the peremptory writ, defendants appeal. Affirmed.

*Roy E. Willy,* of Platte, and *Bielski & Elliott,* of Sioux Falls, for Appellants.

*Ellwood & Knight,* of Sioux Falls, for Respondent.

CAMPBELL, P. J. Plaintiff, holding certificates of deposit issued by the failed Farmers' State Bank of Unityville, aggregating the principal sum of $16,000, stating on their face that they

bore interest at the rate of 5 per cent per annum, petitioned the circuit court of McCook county, where said bank was located, for the issuance of a writ of mandamus directing the defendant Smith, as superintendent of banks, to certify the claim of plaintiff based upon said certificates of deposit to the guaranty fund commission of the state of South Dakota as an unsecured deposit in said bank, and directing the defendant members of the guaranty fund commission to pay said claim from the guaranty fund or issue certificates of indebtedness therefor.

The alternative writ issued, and defendants by their return set up the defense that plaintiff was not, in fact, an "unsecured depositor in good faith" of said failed bank, as contemplated by section 9020, Code 1919, as amended by chapter 134, Laws 1921, basing this defense, in substance, upon two grounds, first, that although the certificates of deposit were fair on their face, and provided for only 5 per cent interest, yet at the time said certificates were issued there was a side agreement between plaintiff and the failed bank that the bank would pay upon said money so deposited the rate of 8 per cent interest per annum, which agreement would be in conflict with the provisions of section 9014, Code 1919, as amended by chapter 32, Laws 2d Sp. Sess. 1920, thereby preventing plaintiff from being a depositor of said bank in good faith, under the rule laid down by this court in First National Bank v. Hirning, 48 S. D. 417, 204 N. W. 901; second, that the principal of said certificates of deposit to the extent of at least $820 consisted of interest illegally paid by said failed bank to the plaintiff in excess of the rate allowed by law on previous deposits whereby there was embraced in the $16,000 worth of certificates in issue a good faith deposit of not to exceed $15,180, while the bank was agreeing to pay the rate of 5 per cent upon the full face value of said certificates, amounting to $16,000, thereby rendering the rate of interest excessive upon the actual good-faith deposit of $15,180 and preventing the plaintiff, as holder of such certificates, from ranking as a good-faith depositor of the failed bank entitled to claim against the guaranty fund.

The court below, after hearing the matter, made findings and conclusions in favor of the plaintiff and entered judgment and awarded the peremptory writ as prayed for by plaintiff, and the defendants appeal.

The trial court specifically and affirmatively found that at the time of the issuance of said certificates there was no agreement to pay any other or higher rate of interest than the 5 per cent specified on the face of the certificates, and that said certificates did not include in their principal sum any amount previously paid to respondent by the failed bank as interest on other deposits.

[1-3] It is true that the court below submitted these questions of fact to a jury, which jury returned special verdicts in favor of respondent thereon, and the learned trial judge adopted said verdicts and made the same a part of his findings. The submission of these issues to a jury, however, is entirely immaterial upon appeal. Under the provisions of section 14, art. 5, Constitution of South Dakota, the power and duty "to issue writs of * * * mandamus, * * * with authority to hear and determine the same," is conferred upon the court, and it is the duty of the court, therefore, to pass upon the facts. See Spelling on Injunctions and Other Extraordinary Remedies (2d Ed.) § 1687. It is true that section 3011, Code 1919, provides that the court may, in its discretion, submit fact questions arising on application for mandamus to a jury. Such submission, however, by the express terms of the statute is, and in view of the constitutional provision must be, discretionary with the court, and a verdict upon such submission is advisory only and may be adopted or rejected by the court as to it seems proper. The verdict being advisory only, the facts must ultimately be determined by the findings of the court. Matters with reference to the verdict of the jury, where, as here, such verdict is advisory only, will not be reviewed on appeal. See Hall v. Harris, 145 Mo. 614, 47 S. W. 506; Gersich v. Starich, 177 Wis. 507, 188 N. W. 492.

In the instant case, if the findings of the court are supported by the evidence, the conclusions and judgment must, of necessity, follow. We do not find in the record any assignment of error which challenges the sufficiency of evidence to support the findings of the court, or which will permit the question of whether or not such evidence is sufficient to support the findings to be reviewed on this appeal.

[4] From what we have said above it is apparent that the trial on an application for mandamus is, in fact, a trial to the court, notwithstanding the court may, in its discretion, take an

advisory jury verdict therein. While mandamus is a "special proceeding," as distinguished from an "action" (sections 2091, 2092, Code 1919), nevertheless, generally speaking, the provisions of title 2, Code 1919, relative to new trial and appeal in civil actions are applicable thereto (sections 2994, 2995, Code 1919).

[5-8] The trial in mandamus being to the court, the "decision" is given by filing findings of fact and conclusions of law. Sections 2525, 2526, Code 1919; Brown v. Brown, 49 S. D. 167, 206 N. W. 688. Our statute contemplates with reference to a trial to the court that notice of intention to move for new trial should be given and motion for new trial made after the decision of the court. Sections 2554, 2557, Code 1919. In the instant case neither of these acts was performed after the making and filing of the findings of fact and conclusions of law. Notice of intention was served and motion for new trial made after the advisory verdicts of the jury were received, but before the decision of the court. The giving of the notice of intention and the making of the motion for new trial, under such circumstances, were premature and can be given no force or effect. Therefore the appeal pending before us is an appeal from the judgment only, and on such appeal, regardless of the form of the assignments of error, the sufficiency of the evidence to sustain the findings of the court cannot be raised. Ahearn v. Smith, 50 S. D. 633, 211 N. W. 448.

The judgment appealed from must be and it is affirmed.

GATES and SHERWOOD, JJ., concur.

POLLEY and BURCH, JJ., not sitting.