BUELOW, Appellant, vs. LOVELL, Respondent.

*January 13—February 25, 1947.*

For the appellant there was a brief by *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill, Jr.*

*William M. Hayes* of Baraboo, for the respondent.

BARLOW, J. Plaintiff and appellant, Raymond Buelow, claims to be the owner and holder of a valid note in the sum of $250 secured by a second chattel mortgage on machinery and equipment used in the operation of a butcher shop in Baraboo, Wisconsin. Recovery is sought under sec. 272.26, Stats.

Arthur F. Lichte and Forest Butterfield were copartners operating a butcher shop. On November 11, 1940, Arthur F. Lichte, one of the partners, borrowed the sum of $250 from appellant Buelow. Lichte and his wife executed their note due on demand. The money was used for the partnership business of Lichte & Butterfield, and at the time the money was obtained Lichte agreed to secure the loan. On March 23, 1942, Lichte & Butterfield executed a chattel mortgage on the partnership machinery and equipment to appellant Buelow. The mortgage was recorded in the office of the register of deeds of Sauk county on March 30, 1942. The chattel mortgage refers to a note dated November 4, 1940, while the note held by appellant Buelow was dated November 11, 1940.

May 6, 1942, Oscar Mayer & Company obtained a judgment against Lichte & Butterfield in the sum of $382.90. Execution was immediately issued and the interest of Lichte & Butterfield in the partnership machinery and equipment was sold by the sheriff to the defendant and respondent, Dennis Lovell. The evidence is not too clear on the description of the particular property sold on execution, but it may be conceded that a large portion of it was included in appellant's mortgage.

On the 15th of October, 1941, Lichte & Butterfield discontinued their meat-market business and leased the machinery and equipment to respondent Lovell, who operated a

butcher shop in the location formerly occupied by Lichte & Butterfield. At the time of the execution of the lease to respondent Lovell there was a chattel mortgage against the property leased in favor of the First National Bank of Baraboo, which was purchased by respondent Lovell on the 1st day of June, 1942, and duly assigned to him, being in full force and effect at the time of the execution sale, and also at the time of the commencement of this action. The unpaid balance due on the first chattel mortgage was $78.62. At the time of the execution sale possession of the property was in the defendant Lovell by virtue of the lease from Lichte & Butterfield.

Appellant Buelow contends that when Lovell purchased the interest of Lichte & Butterfield in the mortgaged property the lease from them under which he held possession ceased to exist as a legal right to possession by him, and his continued right to possession of the chattels as against the mortgagee then depended upon his compliance with sec. 272.26, Stats., which reads as follows:

*"Equities sold; possession not disturbed.* When personal property shall be pledged or mortgaged the right and interest in such property of the pledgor or mortgagor may be sold on execution against him, and the purchaser shall acquire all his right and interest, and shall be entitled to the possession of such property on complying with the terms and conditions of the pledge or mortgage. . . ."

Appellant argues that respondent's only right to possession of this property is by virtue of purchasing the mortgagors' interest under the sheriff's sale on execution, which it is claimed gives the appellant a right of action against the purchaser for the unpaid amount of the note which he holds. It is contended that the mortgagee of the chattel mortgage holds legal title to and is entitled to possession of the chattel property, citing *Cotton v. Marsh,* 3 Wis. *221; *Cotton v. Watkins,* 6 Wis. *629. In *Saxton v. Williams,* 15 Wis. *292, where

the court held that an attachment action would not lie to sell the interest of a mortgagor, *Cotton v. Marsh* and *Cotton v. Watkins* are discussed and the equity of mortgagors in chattel property is fully recognized.

In *Flanders v. Thomas,* 12 Wis. *410, it was held that a mortgagee is accountable to the mortgagor for surplus from sale of mortgaged property after the debt and reasonable costs and expenses are paid. See also *Smith v. Coolbaugh,* 21 Wis. 427.

Present statutes provide the procedure for seizure and sale of chattel-mortgage property with penalties for failure to comply with the same, secs. 241.13, 241.15, Stats., thus showing the intention of the legislature to protect the equities of mortgagors or persons claiming under them.

Reference is made to *Lowe v. Wing,* 56 Wis. 31, 13 N. W. 892, but there the second mortgagee took possession of the property, sold it, and received full consideration of the sale without regard to the rights of the senior mortgage. He was held liable in an action for conversion of the chattels.

This court set forth the property rights of the mortgagee and mortgagor in chattels in *Illinois T. & S. Bank v. Alex. Stewart L. Co.* 119 Wis. 54, 65, 94 N. W. 777, when it said:

"It is elementary that a mortgagee of chattel property holds the legal title thereto, but nevertheless, till default and actual possession of the property in himself, his interest, as against the mortgagor or any person claiming under him, is special. It is limited to the amount of the mortgage indebtedness. The general property and the equitable title being in the mortgagor or those claiming under him, the mortgagor may sell the mortgaged property and convey a good title thereto subject to the mortgage. Such title is equitable in character, to be sure, but it is of sufficient dignity to be regarded as a general property right, good as against the whole world except as to the special interest of the mortgagee, which, till it becomes absolute, may be extinguished by the owner of the general property by payment of the mortgage indebtedness.

In case of a conversion of the property as to the mortgagee, the measure of damages recoverable by him is limited to the value of his special interest therein, the amount due upon the mortgage."

No claim is made by appellant that respondent claims to have purchased any interest at the execution sale except the interest of the mortgagors. The mortgagors had possession of the property at the time of the execution sale, subject to the rights of the lessee. If appellant had the right to take possession of the property and sell it under his chattel mortgage as against the mortgagors prior to the execution sale, he had the same right after the execution sale to take possession of the mortgaged property in the possession of the respondent. This was true whether the respondent purchased the rights of the mortgagors from them or by virtue of the sale of their rights on execution sale. The purchase of the rights of mortgagor's interest in mortgaged chattels does not create a personal liability to the mortgagee under sec. 272.26, Stats., unless the purchaser does some unlawful act which impairs the rights of the mortgagee under his mortgage. No claim is made that respondent committed any such act. He did not sell the property and receive full consideration of the sale without regard to the rights of this mortgagee, nor did he mingle it with other property so that it could not be distinguished and separated. He did not claim any right paramount to the mortgagee if the mortgagee had a lawful chattel mortgage, although in his answer he denies that appellant is the holder of a lawful chattel mortgage to the property in question. We do not reach this question, and therefore do not decide it, as we conclude that the trial court properly dismissed appellant's complaint for the reason that he has established no cause of action against respondent.

*By the Court.*—Judgment affirmed.